UNITED STATES v. TIRE CENTER, Inc., et al.

No. 60.

District Court, D. Delaware.

June 10, 1943.

Stewart Lynch, U. S. Atty., of Wilmington, Del., for the United States.

James T. Mullin and David J. Reinhardt, Jr., both of Wilmington, Del., for defendants.

LEAHY, District Judge.

Defendants have demurred to the indictment, which contains 40 counts. The first 39 counts involve fifteen separate transactions involving alleged violations of 18 U.S.C.A. § 80, the Act of March 27, 1942, 50 U.S.C.A. Appendix, § 631 et seq., and the Act of January 30, 1942, 50 U.S.C.A.Appendix, § 901 et seq. The first statute is directed against concealment of a material fact within the jurisdiction of a government agency. The second statute is familiarly known as the Second War Powers Act, and the third as the Emergency Price Control Act.

In substance, the indictment charges defendants with selling and buying retreated automobile tires in violation of the regulations promulgated under the last two of the foregoing statutes, without permission of the Local Rationing Board, and with making false recordings of and concealing facts in connection with the transactions.

I shall treat the first statute (18 U.S.C.A. § 80) after I have discussed the other two.

The demurrer challenges the sufficiency of the indictment on the grounds that the 39 counts based on the Second War Powers Act and the Emergency Price Control Act are insufficient in charging the commission of a criminal act because (a) both acts are void in that they contain an unconstitutional delegation of legislative power under Art. 1, § 1 of the Constitution, (b) such legislation is unconstitutional under the Fourth and Fifth Amendments of the Constitution, and (c) such legislation is unconstitutional in that it attempts to regulate intrastate commerce.

I. Counts based on violations of the Second War Powers and the Emergency Price Control Acts, and regulations thereunder. I have already discussed, at length, the constitutionality of the Second War Powers Act, 50 U.S.C.A.Appendix, § 631 et seq., as including a valid delegation of legislative power and whether the war powers under Art. 1, § 8, Cls. 11–16 of the Constitution are paramount over, and not subordinate to, the commerce clause. See United States v. Wright, D.C., 48 F.Supp. 687.

Other courts, whose views I adopt, have likewise held the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901 et seq.,[1] is not invalid as a delegation of legislative power, or as depriving anyone of property, or interfering with liberty of contract. United States v. Slobodkin, D.C., 48 F.Supp. 913; Brown v. Wick, D.C., 48 F.Supp. 887; United States v. Hark, D.C., 49 F.Supp. 95. The constitutionality of the statute has been sustained as a legitimate exercise of the war power—which is practically limitless—by a three-judge court in Henderson v. Kimmel, D.C., 47 F.Supp. 635.

Defendants' remaining portion of their constitutional attack is directed to that portion of the statutes and the regulations thereunder which compel them to keep a written recording of their transactions in the purchase and sale of retreated rubber tires. They rely on the Fourth Amendment. There are several answers which make this argument seem pallid. In the first place, defendants are not moving to quash evidence allegedly obtained by an unlawful search and seizure. They are, in fact, questioning the sufficiency of the indictment on which they are to stand trial. Moreover, the purpose of the regulation requiring defendants to keep records of their activities was to increase the informational powers of those delegated to administer the statutes; and Congress is entitled to secure protection against false statements by persons subject to the acts. United States v. Wright, supra. Indeed, it was suggested in United States v. Slobodkin, supra, involving an alleged violation of a regulation under the Act, that a district court was precluded from considering the statutory and constitutional validity of a regulation under the Emergency Price Control Act of 1942. There, Judge Wyzanski wrote (48 F.Supp. at page 916, 917): "Thus, in their [defendants'] case at the time they acted there was available a method for seeking administrative and judicial relief against

---

[1] For an understanding of the legal and economic bases of the Emergency Price Control Act of 1942, during time of national emergency, see 19 Law and Contemporary Problems, pp. 1–172.

the regulation if it caused them hardship. They might have filed a protest against the regulation and if the Administrator ultimately ruled against them, they had recourse to the Emergency Court of Appeals and the Supreme Court of the United States. * * * In time of war and as an integral part of a system of preventing inflation, Congress can forbid the deliberate violation of a price regulation which is valid on its face, even though there may be hidden defects in the formulation or operation of the regulation or its application to particular persons. If a person subject to the regulation believes that such hidden defects exist, he must assume the burden of drawing them to the attention of the Administrator and, if desired, the Emergency Court of Appeals and the Supreme Court of the United States. Until those tribunals have acted upon his plea, the individual must either act in accordance with the regulation or not act at all. Congress has determined that such inconvenience and delay as are necessarily involved in securing an administrative change in or exemption from a price, rent, rationing or like regulation shall be borne by the person who believes his case exceptional, and that in the meantime the community at large shall have the benefit of compliance with the regulation."

■ True, war does not create in Congress any new powers. But whether a particular statute, or a regulation promulgated thereunder, satisfies constitutional requirements depends upon its reasonableness under circumstances of emergency. Obviously, war may so change circumstances as to make reasonable regulation which could never be justified in peace time. An example of this is the emergency rent legislation enacted for the District of Columbia during World War I. This legislation was upheld in Block v. Hirsh, 256 U.S. 135, 41 S.Ct. 458, 65 L.Ed. 865, 16 A.L.R. 165, as a temporary war measure, but with a strong intimation that it could not be upheld as a permanent statute in a different setting. Justice Holmes there said (256 U.S. at page 155, 41 S.Ct. at page 459, 65 L.Ed. 865, 16 A.L.R. 165): "Plainly circumstances may so change in time or so differ in space as to clothe with such an interest what at other times or in other places would be a matter of purely private concern."

That the conservation of rubber is essential to the successful prosecution of the war and is therefore in the public interest is a publicly notorious fact. Such a policy meets the tests of reasonableness. Hence, defendants' arguments directed to the lack of constitutionality are accordingly rejected.

■ II. Counts based on violation of 18 U.S.C.A. § 80. As I have held the other statutes and regulations mentioned in the indictment not unconstitutional, defendants have no ground for demurrer to the alleged violation of Sec. 35(A) of the Criminal Code, insofar as they are charged with giving a false statement in a matter within the jurisdiction of a department of the United States.

Demurrer overruled, with directions to have the cause placed upon the trial calendar.