**BOWLES, Price Adm'r, v. INSEL.**

**SAME v. FELD.**

**SAME v. KRESSLER.**

**Nos. 8776-8778.**

Circuit Court of Appeals, Third Circuit.

Argued Feb. 12, 1945.

Decided March 12, 1945.

Milton B. Conford, of Newark, N. J. (I. Edward Amada, of Newark, N. J., on the brief), for appellants.

Nathan Siegel, of Washington, D. C. (Thomas I. Emerson, Deputy Adm'r for Enforcement, Fleming James, Jr., Director, Litigation Division, and David London, Chief, Appellate Branch, all of Washington, D. C., Paul L. Ross, Regional Enforcement Executive, John Masterton, Regional Litigation Atty. and Wm. Sherman Greene, Jr., Enforcement Atty., all of New York City, on the brief), for appellee.

Before PARKER and GOODRICH, Circuit Judges, and BARD, District Judge.

PARKER, Circuit Judge.

These are appeals from orders of the District Court of New Jersey ordering appellants to appear before the enforcement attorney of the Office of Price Administration and produce records showing sales of meat items subject to Revised Maximum Price Regulation No. 169 from January 1, 1944 to August 1, 1944, including names and addresses of buyers, with quantity, grade, weight and price of meat sold. On failure of appellants to submit their records to inspection, the Administrator caused subpœnas duces tecum to be issued requiring them to testify and to produce the records; and, on their failure to obey the subpœnas, he applied to the District Court for an order requiring them to do so. The records in question are records required by OPA regulations to be kept and to be open to inspection. See General Maximum Price Regulation of April 28, 1942, sec. 1499.12.

We think that there can be no question as to the correctness of the order requiring appellants to obey the subpœnas. The Emergency Price Control Act authorizes the Administrator to adopt regulations requiring dealers in commodities to keep records, authorizes the inspection of such records, and authorizes the Administrator, by subpœna, to require persons having possession of the records to appear and produce them. 50 U.S.C.A.Appendix, § 922(b). In case of any refusal to obey such subpœna, the District Court is given jurisdiction to enforce compliance therewith. 50 U.S.C.A.Appendix, § 922(e).

The principal contention of appellants is that the records which they are required to produce are private records; that there is no showing of probable cause to believe that they have been guilty of any violation of law; and that under such circumstances an order to produce the records is violative of the rights protected by the Fourth Amendment to the Constitution of the United States. If the records required to be produced were in fact mere private records, this contention of appellants would be well grounded; for it is settled that without a showing of probable cause to believe that the law has been violated and specific description of the papers and records to be produced, a subpœna requiring the production of private papers is violative of the provision against unrea-

sonable searches and seizures. Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746; Hale v. Henkel, 201 U.S. 43, 77, 26 S.Ct. 370, 50 L.Ed. 652; Federal Trade Commission v. American Tobacco Co., 264 U.S. 298, 44 S.Ct. 336, 68 L.Ed. 696, 32 A.L.R. 786; Jones v. Securities and Exchange Commission, 298 U.S. 1, 27, 56 S.Ct. 654, 80 L.Ed. 1015.

It is perfectly clear, however, that the records required to be produced are not private but public or quasi public records; and the mere fact that they are records of the sort which a private person would ordinarily keep with regard to his private business transactions does not detract from their public character. It was within the power of Congress, as a war measure, to regulate prices of commodities to guard against ruinous price inflation; and, since the keeping of records open to public inspection was necessary to any effective enforcement of such price regulation, it was well within the Congressional power to require that records of sales and prices be kept and be subject to inspection by public officers. Records so kept pursuant to statute and regulation are clearly public or quasi public in character; and the constitutional guaranties protecting private papers have no application to them. As said by the Supreme Court in Wilson v. United States, 221 U.S. 361, 380, 31 S.Ct. 538, 544, 55 L.Ed. 771, Ann.Cas. 1912D, 558, "The principle [i. e. that public records may not be withheld from inspection] applies not only to public documents in public offices, but also to records required by law to be kept in order that there may be suitable information of transactions which are the appropriate subjects of governmental regulation, and the enforcement of restrictions validly established. There the privilege which exists as to private papers cannot be maintained."

In Endicott Johnson Corporation et al. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 344, 87 L.Ed. 424, there was involved an application by the Secretary of Labor for enforcement of a subpœna duces tecum to require the production of payroll and other similar records which the provisions of the Walsh-Healey Act, 41 U.S.C.A. § 35 et seq., required the petitioner there to keep. The same constitutional objections were urged there as here, but the Supreme Court thought them so unsubstantial as not to warrant discussion, referring in a foot-note to the authorities relied on in support of the objections and saying: "The subpœna power delegated by the statute as here exercised is so clearly within the limits of Congressional authority that it is not necessary to discuss the constitutional questions urged by the petitioner, and on the record before us the cases on which it relies are inapplicable and do not require consideration."

Directly in point is the recent decision of the Ninth Circuit in Bowles v. Glick Brothers Lumber Co., 146 F.2d 566. In holding that records of the sort here involved were quasi public records and subject to inspection without showing of probable cause to believe that the law was being violated, the Court, speaking through Judge Healy, said [pp. 570, 571]:

"It is thus seen that dealers are required by the Act to keep such informative records as the Administrator may direct and to permit the Administrator, upon request, to inspect and copy them. These requirements are an essential part of the Congressional scheme of price stabilization and control. It is hard to see how the purposes of this vital wartime legislation could be achieved without them. To effect the end desired Congress clothed the Administrator with regulatory and investigatory powers commensurate with his responsibilities, arming him both with authority to inspect and with the power of subpoena. The regulations on the subject are in harmony with the statute. The records inspected and copied in this instance were of the type required to be kept and to be made available for inspection. They were not private books and papers of the kind involved in Boyd v. United States, 116 U. S. 616, 6 S.Ct. 524, 29 L.Ed. 746, and like cases. They were quasi-public records.

\*    \*    \*    \*    \*    \*

"The existence of probable cause for believing that the Act has been violated is not made a prerequisite to inspection, cf. Fleming v. Montgomery Ward & Co., supra [7 Cir., 114 F.2d 384]. It must be remembered that the legislation was passed under emergency conditions closely affecting the general welfare. Upon the Office of Price Administration has been imposed the task of seeing to it that the law is complied with by all dealers in essential commodities, and that evasion be sternly checked. There is a presumption of regularity in respect of the proceedings of administrative bodies. Hence it is to be presumed that the Ad-

94

ministrator has not acted oppressively or undertaken to pursue investigations where no need therefor is apparent."

Directly in point, also, and involving production of records on subpœna of the Director of the Office of Price Administration, without a showing of probable cause and against the argument that constitutional rights were thereby violated, are Cudmore v. Bowles, 79 U.S.App.D.C. ——, 145 F.2d 697, and Bowles v. Rothman, 2 Cir., 145 F.2d 831. And that such records are of a quasi public nature and subject to inspection by government officers, see Bowles v. Chew, D.C.Cal., 53 F.Supp. 787; Bowles v. Joseph Denunzio Fruit Co., D.C.Ky., 55 F.Supp. 9, 12; United States v. Tire Center, D.C.Del., 50 F.Supp. 404.

In point, also, although involving the keeping of records required under different statutes, are A. Guckenheimer Bros. Co. v. United States, 3 Cir., 3 F.2d 786; Fleming v. Montgomery Ward & Co., 7 Cir., 114 F.2d 384; Walling v. Benson, 8 Cir., 137 F.2d 501; Rodgers v. United States, 6 Cir., 138 F.2d 992; United States v. Mulligan, D.C., 268 F. 893.

'Other contentions of appellant are so lacking in merit as not to warrant discussion. For the reasons stated, the orders of the court below will be affirmed.

Affirmed.