**BOWLES, Price Administrator, v. SHAWANO NAT. BANK et al.**

No. 8858.

Circuit Court of Appeals, Seventh Circuit.

Nov. 13, 1945.

Orville S. Luckenbach, of Shawano, Wis., for appellants.

Fleming James, Jr., and Samuel Rosenwein, Atty., Office of Price Administration, both of Washington, D. C., Harry E. Witherell, of Chicago, Ill., and Robert P. Stebbins, of Green Bay, Wis., for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

Appellants, a national bank and its cashier, challenge the authority of the District Court to enter an order directing them to comply with a subpoena issued by the Administrator of the Office of Price Administration and to produce the commercial and personal bank account records of four of their depositors.*

The Administrator instituted the proceeding below on an "Application to compel witness to appear, testify and produce documentary evidence." This application recited that the Administrator had issued a subpoena to the bank and Mr. Rose, its cashier, to produce the records of the checking and savings accounts of said four individuals, at a certain hearing shortly to be held. At said hearing, Mr. Rose appeared but refused to testify and produce the records. The application alleged:

"6. All of the aforesaid records required to be produced by said subpoena duces tecum were at the time of the issuance of said subpena (sic.) and are now deemed by the Administrator to be relevant and material to the procuring of information which the Administrator deems proper and necessary to assist him in enforcing the Act, and the regulations, orders, and schedules issued thereunder, relating to the purchase, assembly and sale of cheese."

At the very brief hearing before the trial court, Mr. Rose testified that on the advice of his attorney he refused to present the records, and he made this additional statement in support of his refusal:

"The attorney advises me that there is no case of record where a bank has been forced to, on any order, produce its records; and also upon advice of the National Bank Examiners it isn't within my power to present those records, except on a good and valid court order."

The legal bases upon which appellants seek reversal of the District Court order are: The Administrator can not secure a court order directing subpoena against persons who were not parties to the instant (or any other) action. The order granting examination is beyond the statute granting visitation of national banks. The application of the Administrator is predicated solely upon suspicion, there being no showing of probable cause. The application is insufficient, and its granting would constitute an illegal search. The order, if obeyed, would violate the basic rights of the four individuals whose bank records were sought. The relief granted was beyond even Section 202(a), (b), (c), and (e) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 922(a–c, e).

The solution of the question turns on the interpretation of the following statutes. First, the statute re "Limitations on visitorial powers" of national banks:

"12 U.S.C.A. § 484. *Limitation on visitorial powers.* No bank shall be subject to any visitorial powers other than such *as are authorized by law,* or vested in the courts of justice or such as shall be or shall have been exercised or directed by Congress, or of either House * * * duly authorized."

Second, the statute, section 202, granting to the Administrator power to issue subpoenas and to seek enforcement thereof, is as follows:

"Investigations. (a) The Administrator is authorized to make such studies and investigations, to conduct such hearings, and to obtain such information as he deems necessary or proper to assist him in prescribing any regulation or order under this Act, or in the administration and enforcement of this Act and regulations, orders, and price schedules thereunder.

"Subpenas, Requirements and Orders. (b) The Administrator is further authorized, by regulation or order, to require any person who is engaged in the business of dealing with any commodity, or who rents or offers for rent or acts as broker or agent for the rental of any housing accommodations, to furnish any such information under oath or affirmation or otherwise, to make and keep records and other documents, and to make reports, and he may require any such person to permit the inspection and copying of records and other documents, the inspection of inventories, and the inspection of defense-area housing

---

* George J. Steinhardt, Clayton S. Steinhardt, Mrs. Nell Steinhardt, and Vernon Graves.

accommodations. The Administrator may administer oaths and affirmations and may, whenever necessary, by subpena require any such person to appear and testify or to appear and produce documents, or both, at any designated place.

"Subpenas. (c) For the purpose of obtaining any information under subsection (a), the Administrator may by subpena require any other person to appear and testify or to appear and produce documents, or both, * * * at any designated place.

"Subpena Enforcement. (e) In case of contumacy by, or refusal to obey a subpena served upon, any person referred to in subsection (c), the district court for any district in which such person is found or resides or transacts business, upon application by the Administrator, shall have jurisdiction to issue any order requiring such person to appear and give testimony or to appear and produce documents, or both, and any failure to obey such order of the court may be punished by such court as a contempt thereof. The provisions of this subsection shall also apply to any person referred to in subsection (b), and shall be in addition to the provisions of section 4(a)." 50 U.S.C.A.Appendix § 922.

▮ From a reading and study of these statutes, it appears that a bank shall not be subject to visitorial powers "other than such as are authorized by law,"—"or vested in the courts of justice," or "directed by Congress."

The order here involved falls within all of these three statutory exceptions.

The Administrator, ex necessitate, needs investigatory powers both to promulgate rational orders and regulations, and to apprehend violations thereof. He can not intelligently make charges without knowing facts to substantiate them. The accused would vigorously and justly protest against unfounded charges. How is the Administrator to unearth such violations or to confirm information given him by aggrieved persons or alert loyal citizens? By investigation and checking, of course.

The statute granting him powers is inclusive and all embracive when it comes to investigation.

▮ Appellants in oral argument assert the investigation here to be nothing but a fishing expedition. That is a matter for the trial court to pass upon before it enters its order upon the Administrator's application for enforcement of his subpoena. Appellants did not raise this point in their pleadings. Not until their statement of points on appeal, did it appear. From the record before us, as far as we can ascertain, the individuals whose accounts were to be investigated were connected with a certain cheese company which the O.P.A. was seeking to investigate. Doubtless plaintiff possessed some outside information on which he sought substantiation or disproof. We were at war. Prices of food stuff were the subject of regulation and price control. Cheese was a food stuff of great importance. The full recognition of the Administrator's right to enforce a subpoena was as important to the protection of the innocent, as it was to the apprehension of the price ceiling violators.

▮ Appellee's right to issue this subpoena duces tecum and his right to compliance with its terms, are clear. This right, however, should not be exercised in a manner offensive to law-abiding citizens, who naturally resent any and all implications of profiteering or doubtful loyalty. The clashes between appellee's representatives and honest, law-abiding citizens have been too numerous and inexcusable. It will not hurt to try a little more tact and diplomacy.

The order of the District Court is Affirmed.