BOWLES, Price Administrator, v. NORTH-
WEST POULTRY & DAIRY
PRODUCTS CO. et al.
No. 11028.

Circuit Court of Appeals, Ninth Circuit.
Jan. 15, 1946.

As Amended on Denial of Rehearing
Feb. 12, 1946.

---

George Moncharsh, Deputy Adm'h for Enforcement, of Washington, D. C., Herbert H. Bent, Reg. Lit. Atty., and Jacob Chaitkin, both of San Francisco, Cal., Francis Gill, of Palo Alto, Cal., and James M. Blackford and Cecelia P. Gallagher, both of Portland, Or., for appellant.

Bardi G. Skulason, of Portland, Or., for appellee.

Before GARRECHT, DENMAN, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

The Administrator appeals from a judgment of the district court dismissing his application under sections 205(a) and 202(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix §§ 925(a) and 922(a), hereinafter called the Act, for an order of the court to the appellee corporation to permit the Administrator to inspect and copy all its purchase and sale records and disbursement records covering appellee's sale and purchase of all turkeys from May 8, 1944, to and including August 10, 1944, including the records showing whether or not the corporation had complied with the prices for processing turkeys under Regional Order G. 93 (FR 9—5287). The application alleged that the information sought by the inspection was essential to the enforcement and administration of the Act. The answer to the petition admitted corporation's violation of the requirements of order G. 93.

It is not questioned that appellee had the records sought in the application and that the law and regulations required them to be kept. It is admitted here that the Administrator duly issued and served upon appellee his Inspection Requirement for such inspection and copying and that both were refused.

The record discloses no written opinion nor findings of fact and conclusions of law for our assistance. Cf. United States v. Ballard, 322 U.S. 78, 88, 64 S.Ct. 882, 88 L.Ed. 1148. Only through the 300 pages of the taking of evidence are to be gleaned the district court's views of the issues involved and the ground of the dismissal of the application. From these remarks it would appear that the district court regarded the petition of the Administrator as no more than a proceeding for discovery in an existing litigated case.

The appellee had brought another suit for a declaratory judgment that the regulation was invalid, a proceeding tried at the same time as the instant case, and in which the district court declared it had no jurisdiction to determine the regulation's validity. In no sense could the inspection sought in the instant case be regarded as for discovery in the declaratory judgment suit.

The sole ground of appellee's refusal of the inspection of its records was the claimed invalidity of the regulation, the continued violation of which was admitted.

As far as we can gather from the record, the district court's ground of dismissal of the application is that the Administrator is entitled to discover by his inspection no more than whether the appellee has violated the Act and, since violations were admitted, the reason for an order of enforcement of the inspection has ceased to exist. There are intimations that to require the corporation to disclose its accounts would violate the constitutional provision, Amend. 5, against self incrimination, though that provision is not applicable to a corporation. United States v. White, 1944, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542. No authorities are cited by the district court nor does it give any detailed consideration of the provisions of the Act.

■ Congress created the Emergency Price Administration as the country's most powerful agency to prevent the increase in inflation in prices already commencing from the disturbance in our economy caused by the war in Europe. The Congressional debates discuss the devastating effects of the inflation in Germany and Russia prior to the Hitler and Bolshevick revolutions. Part of what the debaters on the bill then apprehended is now being realized in a rapidly moving upward price spiral from the accumulation of unspent high war wages and profits from the war industries, of which we must take judicial notice.

It is our view that today no federal administrator has a more important function in our national economy than the appellant. Strong resistance to his necessary regulations is a normal result of their disturbance of business in what has heretofore been an area of free enterprise. Unless the federal courts approach the judicial problems of enforcement of the Act with a clear vision of what are the destructive evils of price inflation, and with the intent not to weaken the Administrator's hand in the legal exercise of the powers Congress has given him, the beneficent purpose of the legislation will be frustrated.

■ The plain provisions of the Act show the error of the lower court's decision. Whether or not a violation of the Act or regulation is suspected or has occurred, the Administrator may inspect for the purpose of assisting him in prescribing any regulation respecting the whole trade in which the corporation is engaged, here the trade in turkeys, as he is authorized under section 202(a) of the Act. The deci-

sions recognize the records required to be kept by section 202(b) are quasi public in character, to which the Administrator is entitled to access for the performance of his administrative duties. Wilson v. United States, 1911, 221 U.S. 361, 380, 381, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D, 558; Cudmore v. Bowles, 1944, 79 U.S.App.D.C. 255, 145 F.2d 697, certiorari denied 324 U.S. 841, 65 S.Ct. 588; Bowles v. Glick Bros. Lbr. Co., 9 Cir., 1945, 146 F.2d 566, 571, certiorari denied 325 U.S. 877, 65 S.Ct. 1554; Bowles v. Insel, 3 Cir., 1945, 148 F. 2d 91; cf. Mississippi Road Supply Co. v. Walling, 5 Cir., 1943, 136 F.2d 391, 394, certiorari denied 320 U.S. 752, 64 S.Ct. 57.

■ A violation of the order also may warrant the Administrator bringing a suit under section 205(e) for triple damages. Bowles v. Glick Bros. Lbr. Co., supra. Such an inspection may lead to a settlement of the Administrator's claim without a prolonged and costly law suit. Inspection of the accounts of sale well may assist the Administrator in performing this ministerial duty under the Act. In this connection the district court in further support of its denial of the order for inspection stated that admitted violations to the extent warranting the Administrator suing for around $10,000 damages and $30,000 triple damages were de minimis because but 1% of the appellee's transactions—a position obviously untenable. Similarly the violation may warrant the Administrator bringing a suit for injunction under section 205(a) of the Act. Inspection of the appellee's quasi public records would assist the Administrator in determining whether to seek injunction and, if he so decide, give him the information upon which he will base his injunction proceeding.

■ Because of the well established presumption of regularity attending acts of administrative agencies, the mere fact that the Administrator issued an inspection requirement is sufficient to show that he deemed the information sought here necessary or proper to aid in the administration and enforcement of the Act and that he has not acted oppressively or undertaken to pursue investigations where no need therefor is apparent. Mississippi Road Supply Co. v. Walling, supra; Bowles v. Glick Bros. Lbr. Co., supra; McGarry v. Securities and Exchange Comm., 10 Cir., 1945, 147 F.2d 389, 393. Appellee has failed either to rebut or overcome this presumption: as stated, the resistance to the application for inspection

was solely on the ground of the alleged invalidity of the regulations.

The judgment is reversed.