HAGEN et al. v. PORTER, Price Administrator.

No. 11197.

Circuit Court of Appeals, Ninth Circuit.

June 21, 1946.

Writ of Certiorari Denied. Oct. 14, 1946.

See 67 S.Ct. 85.

Abraham Gottfried, of Los Angeles, Cal., for appellants.

George Moncharsh, Deputy Adm'r for Enforcement, OPA, Milton Klein, Director, Litigation Division, David London, Chief, Appellate Branch, and Nathan Siegel, Sp. Appellate Atty., all of Washington, D.C., and Herbert H. Bent, Regional Litigation Atty., of San Francisco, Cal., for appellee.

Before MATHEWS, HEALY, and BONE, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from a final judgment of the above entitled district court made and entered on October 29, 1945, which ordered appellants Jack Aros and Everett Hagan to comply with a subpoena *duces tecum* issued by the Administrator requiring these appellants to testify and to produce certain documents.

Appellants are engaged in the business of selling at wholesale, various types of cheeses subject to the provisions of M.P.R. No. 280, as amended, Revised M.P.R. No. 289, as amended, and Temporary M.P.R. No. 22. On May 24, 1945, and apparently without success the Administrator attempted to examine the records of the appellants pursuant to Section 202(a) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 922(a), for the purpose of determining from their books and records whether or not they had complied with the provisions of the Act and regulations.[1] On several occasions after May 24, 1945, appellants refused to permit investigators to make such investigations and inspection.

In order to effectuate the desired investigation, a subpoena *duces tecum* was signed and issued by the Acting District Director of the Los Angeles District Office on June 9, 1945 directing appellants to appear before an investigator of the Office and to testify and to produce the books and records of the El Rey Cheese Co. for the period from September 28, to October 2, 1942 and from June 15, 1944 to June 8, 1945 covering purchases, sales, and deliveries made by the company of Swiss Gruyere Type Cheese and Taylor-Maid Gruyere Type Swiss Cheese. (See Section 202(c).) The subpoena was served on Jack Aros and Everett Hagan and made returnable June 11, 1945. Appellants, by their attorney, first refused to obey the subpoena asserting that the time allowed was too short, and later on the ground that it was not personally signed by Chester Bowles, Price Administrator. (Then the Price Administrator. Paul A. Porter was substituted as Price Administrator on this appeal.)

Thereafter, on August 13, 1945, subpoenas similar in content to the previous one, but signed personally by said Chester Bowles were served upon appellants Jack Aros, alleged to be bookkeeper, agent and attorney-in-fact of appellant company, and Everett Hagan, alleged to be manager of the company, returnable on August 16, 1945. On the latter day, appellants again refused to appear, but their attorney appeared specially for them for the purpose of quashing the issuance and service of the subpoena, urging various grounds. Because of appellants' refusal to appear, the Administrator, under the provisions of Section 202(e) of the Act applied to the court below by petition, with supporting affidavits, for an order compelling obedience to the subpoena. Appellants moved to dismiss these proceedings and filed affidavits in support of their motion. After a hearing, the court on October 29, 1945, entered the judgment appealed from which orders appellants to comply.

Appellants assign eight specifications of error. The first two may be considered together since they present related objections, that is, that the Administrator made no showing, or introduced no evidence to show that the documents sought were relevant or material. Appellants' principal complaint under these assignments seems to be that the Administrator

---

[1] Appellants are required to keep the records which the Administrator sought to inspect, by Section 1351.812 of M.P.R. 280, as amended; section 1351.807 of Temporary M.P.R. No. 22, as amended, and Section 5 of M.P.R. No. 289, as amended. (Section 202(b) authorizes the Administrator, by regulation or order, to require the keeping of such records by persons in the business of dealing with any commodity.)

failed to allege the existence of probable cause for believing that appellants have violated the Act. A showing of "probable cause" is not a prerequisite for enforcement of an administrative subpoena issued under this Act. See Bowles v. Glick Bros. Lumber Co., 9 Cir., 146 F.2d 566, 571; Bowles v. Insel, 3 Cir., 148 F.2d 91; and see Oklahoma Press Pub. Co. v. Walling, 66 S.Ct. 494, 505, 509. The Administrator argues that the standards of materiality or relevancy are far less rigid in an ex parte inquiry to determine the existence of violations of a statute, than those applied in a trial or adversary proceeding. We agree with this contention. Compare Matter of Edge Ho Holding Corp., 256 N.Y. 374, 176 N.E. 537; Walling v. American Rolbal Corp., 2 Cir., 135 F.2d 1003, 1005. In his petition, the Administrator alleges that the testimony of appellants is relevant and that all of the documents required to be produced by the subpoenas are relevant and material to the investigation.[2]

██ The authority given the Administrator by the Act to conduct investigations is very broad. Section 202 of the Act, 50 U.S.C.A.Appendix, § 922; Bowles v. Bay of New York Coal & Supply Corp., 2 Cir., 152 F.2d 330; Bowles v. Shawano Nat. Bank, 7 Cir., 151 F.2d 749, 751, certiorari denied, 66 S.Ct. 680. The inspection here undertaken by the Administrator is well within his powers. The subpoenas show on their face the probable materiality of the documents sought. See Brown v. United States, 276 U.S. 134, 143, 48 S.Ct. 288, 72 L.Ed. 500.

██ Under these specifications of error appellants also raise the objection that the Administrator's petition to the court below fails to charge that appellants' sales come within the provisions of a regulation. But this omission is not fatal because the Federal Register Act, 44 U.S.C.A. § 307, provides that the court shall take judicial notice of the provisions of the regulations.

United States ex rel. Brown v. Lederer, 7 Cir., 140 F.2d 136, certiorari denied 322 U.S. 734, 64 S.Ct. 1047, 88 L.Ed. 1568. The presumption of regularity which normally attends the acts of administrative officers serves to deprive such an omission of compelling significance. See Bowles v. Northwest Poultry & Dairy Products, supra, 153 F.2d p. 34.

██ In a third specification of error appellants claim the court erred in refusing to hear evidence concerning the validity of the execution of the subpoenas. Appellants' counsel questioned the authenticity of the signature of Chester Bowles when counsel appeared specially before the Los Angeles District Office on August 16, 1945, and in their reply to the Administrator's petition to the lower court appellants maintained "that there has been no sufficient showing that the subpoenas in question were executed and issued by Chester Bowles."

Neither in their affidavits nor at the hearing did appellants offer any proof casting doubt upon the valid execution of these subpoenas. The official signature of a federal officer may properly be presumed genuine. 7 Wigmore on Evidence, § 2167, 3d Ed.; Wynne v. United States, 217 U.S. 234, 30 S.Ct. 447, 54 L.Ed. 748. Moreover, under Rule 43 (a), Federal Rules Civil Procedure, 28 U.S.C.A. following Section 723c, the United States courts in California may follow Section 1875 of the California Code of Civil Procedure and take judicial notice of "* * * The official signatures * * * of the principal officers of government in the legislative, executive, and judicial departments of this state and of the United States." Code of Civil Procedure, Deering, 1941, § 1875. This specification of error is without merit.

██ The fourth specification of error charges that the subpoenas were unreasonable, uncertain and indefinite. The objection of indefiniteness arises because the

---

2 There is a "well established presumption of regularity attending acts of administrative agencies, [and] the mere fact that the Administrator issued an inspection requirement is sufficient to show that he deemed the information sought here necessary or proper to aid in the administration and enforcement of the Act and that he has not acted oppressively or undertaken to pursue investigations where no need therefor is apparent," Bowles v. Northwest Poultry & Dairy Products, 9 Cir., 153 F.2d 32, 34; see also Bowles v. Glick Bros. Lbr. Co., supra.

subpoenas asked production of "all books, ledgers, day books, purchase and sales invoices, *etc.*," covering the sales of the cheeses in question for the periods of time ·above mentioned. First, it will be noted that all that is involved on this appeal is the *order* of the lower court, and this order omits any reference to "etc." In other respects the order follows the form of the subpoenas mentioned above ·and it is not uncertain, nor is it indefinite as to its scope, or in respect to the number of commodities or the period of time covered. See Oklahoma Press Publishing Co. v. Walling, supra; Brown v. United States, 276 U.S. 138, 48 S.Ct. 288, 72 L.Ed. 500; Cudmore v. Bowles, 79 U.S.App.D.C. 255, 145 F.2d 697.

■ Appellants urge in their fifth specification that the lower court erred in holding that appellants had failed to answer and appear at the time and place called for in the subpoenas. Appellants maintain that they appeared by their counsel to resist the the subpoenas upon "legal and sufficient grounds". From the record it is apparent that appellants have successively resisted the subpoenas involved with a number of objections which the lower court found, and this court holds, are not tenable. At no time have appellants appeared personally in response to the subpoenas, nor have they produced the quasi-public documents designated therein. The lower court was clearly justified in finding that appellants had failed and refused to. obey the subpoenas. See Pinkus v. Porter, 7 Cir., 155 F.2d 90.

■ In their sixth specification of error, appellants claim that the subpoenas were served only on Jack Aros, bookkeeper, and Everett Hagan, manager, but not upon the proprietor, J. A. Hagen; that no showing was made that either of these two appellants had custody or control of records; and no showing was made that any attempt was made to serve J. A. Hagen.[3]

■ At the hearing in the court below, counsel for the Administrator stated to the court that J. A. Hagen was residing in Arizona and therefore not within the court's jurisdiction, and that the business was under the management and control of appellants Aros and Everett Hagan. Appellants object that this statement is not evidence. However, counsel for appellants did not see fit to deny the statement when made in court. In their affidavits Jack Aros and Everett Hagan assert that the records in question "are the property of J. A. Hagen" and deny *control* of the records. Those appellants do not disclaim custody or possession. J. A. Hagen, the owner of the business, did not appear and he has submitted no affidavit regarding these records or their custody or possession. We are of the view that if Aros and Everett Hagan are without control of the records, the proper time to decide this issue is when the order of the district court is disobeyed, for "no more is now involved than the judgment and order of the District Court." Cudmore v. Bowles, supra, [145 F.2d 698]. For a somewhat comparable situation under a S.E.C. subpoena, see McGarry v. Securities and Exchange Commission, 10 Cir., 147 F.2d 389, 392.

■ Appellants, in their next specification, argue that the order of the court constitutes an unreasonable search and seizure contrary to the Fourth Amendment. However, we have already held that the inquiry is one the Administrator is authorized to make; that the documents sought are described in the order with sufficient definiteness and are relevant. Appellants' rights under the Fourth Amendment are not violated. See Bowles v. Glick Bros. Lumber Co., supra; Oklahoma Press Pub. Co. v. Walling, supra; Bowles v. Northwest Poul-

3 Appellants argue that Everett Hagan and Jack Aros are employees, and because of this fact are not custodians or in·control of the records of their employer. In the petition for the order appealed from, appellees alleged that "Jack Aros was and now is the bookkeeper, agent, employee and attorney-in-fact of respondent J. A. Hagen, doing business as El Rey Cheese Co., located in the City of Los Angeles, California. * * * Everett Hagan was and now is the manager,·agent and employee of respondent J. A. Hagen, doing business as El Rey Cheese Co., * * *."

Based on this allegation these appellants contend that the records sought are not quasi-public records insofar as they are concerned. We regard this contention as without merit.

try & Dairy Products Co., supra; Bowles v. Insel, supra.

█ We find no merit in appellants' last specification of error that the subpoenas violate their rights against self-incrimination contrary to the Fifth Amendment. These books and documents here sought are quasi-public records and the constitutional privilege against self-incrimination does not extend to such records. Appellants are protected by Section 202(g) of the Act, 50 U.S.C.A.Appendix, § 922(g). See Bowles v. Glick Bros. Lumber Co., supra; Coleman v. United States, 6 Cir., 153 F.2d 400; Wilson v. United States, 221 U.S. 361, 380, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas. 1912D, 558; Rodgers v. United States, 6 Cir., 138 F.2d 992, 996; Cudmore v. Bowles, supra.

The order of the lower court is affirmed.