**In re ECORSE WHOLESALE SUPPLY CO.**

No. 5867.

District Court, E. D. Michigan, S. D.

Sept. 12, 1946.

George D. Haller, Dist. Litigation Atty., Office of Price Administration, of Detroit, Mich., for plaintiff.

Fred H. Sims, of Detroit, Mich., for defendant.

PICARD, District Judge.

The matter comes before this court on an order to show cause by defendant why it should not produce all its records required by a subpoena issued July 31, 1946, or in the alternative, make such records available for inspection by a duly authorized representative of the Office of Price Administration, at its place of business.

Respondent questions the right of the local office to issue subpoenas claiming that this is a power reserved entirely to the Administrator, Paul Porter, and one which cannot be delegated by him. The question has been recently discussed by both the Supreme Court and our own Court of Appeals. The cases of Cudahy Packing Co. v. Holland, 315 U.S. 357, 62 S.Ct. 651, 86 L.Ed. 895, and Porter v. Mohawk Wrecking & Lumber Company, 156 F.2d 891, are advanced by respondent as authority for its position.

In the Cudahy case, supra, [315 U.S. 357, 62 S.Ct. 653] the court said, "The Administrator is thus given all the powers with respect to subpoenas which are conferred upon the Federal Trade Commission, and no more." That was an action against the Administrator of the Wage and Hour Division of the United States Department of Labor.

In the Mohawk case [156 F.2d 895] the Administrator of OPA contended that the powers necessarily given him as a war measure were greater than those granted any other Administrator, but the court held "That the Supreme Court in the Cudahy case had before it the same language and the same question and held that the statutory authority to delegate 'his functions and duties' under the Act did not include the authority to delegate the subpoena power."

The court also gave the following history of the signing and issuing of subpoenas by the Price Administrator and his field representatives: "The [Price] Administrator (after the Cudahy opinion was announced in March, 1942) continued to sign and issue all subpoenas. On June 29, 1943, General Order 53 (8 FR 9037) was issued delegating the authority to regional administrators and district directors to issue subpoenas which had been signed in blank by the Administrator. Finally, on May 13, 1944, revised Order 53 (9 FR 5191) was issued which delegated the functions of both signing and issuing

subpoenas under the Price Control Act to regional administrators and district directors."

In the case at bar, however, the subpoenas were not signed by any one in the local office. They were presumably signed in Washington by Paul Porter and sent by him to the regional office where they were issued. So the question is not exactly the same as that appearing in either the Cudahy or Mohawk cases. Respondent does not seriously contend that Paul Porter did not sign the original subpoena and there is authority that unless the contrary appears, the signature of a public administrator is presumed to be genuine. Bowles v. Northwest Poultry & Dairy Products Co., 9 Cir., 153 F.2d 32, 33. Respondent claims, however that "issuing" means "act of sending out; to send out officially; to deliver by authority; to put into circulation;" that a paper sent out by Paul Porter has no authoritative effect until filled out and that in truth and in fact Paul Porter has not issued the same until it has been filled out, which should have been done by him in Washington before his signature.

We cannot follow the reasoning to that conclusion though there is some merit to respondent's contention. The Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., to be properly enforced and administered calls for innumerable acts on the part of many thousands of individuals. Those who are operating under that act, should abide by its rules. Wilson v. United States, 1911, 221 U.S. 361, 380, 381, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D, 558; Bowles v. Glick Bros. Lbr. Co., 9 Cir., 1945, 146 F.2d 566, 571, certiorari denied 325 U.S. 877, 65 S.Ct. 1554, 89 L.Ed. 1994; Bowles v. Insel, 3 Cir., 1945, 148 F.2d 91, cf.; Mississippi Road Supply Co. v. Walling, 5 Cir., 1943, 136 F.2d 391, 394, certiorari denied 320 U.S. 752, 64 S.

Respondent being engaged in the lumber business and desiring to continue during the war emergency accepted a license under the provisions of the Act for which petitioner is Administrator. This gave it certain privileges and rights. The license, however, was subject to revocation unless the licensee abided by the rules and regulations laid down by the Administrator, among them inspection by Administrator's representatives of its books and papers. Such a revocation could not, of course, be arbitrary. The Administrator had to have cause. Now to say that many hurdles can be placed in the path of his inquiry as to whether licensee is living up to its part of the bargain, would not only be inequitable but under some circumstances might nullify the entire effect of this very important legislation. Of course respondent by accepting that license did not sign away all its constitutional rights and all interpretations of the act should be reasonable and logical, but its administration should not be made unduly restrictive.

Subpoenas are not distributed indiscriminately. They are placed in the hands of enforcement attorneys of the government who are the agents and representatives of Administrator. If every time they wanted to issue a subpoena to compel a recalcitrant licensee to live up to his contract they had to go to Washington to get it, enforcement would degenerate into a farce. No harm can come to the respondent. It isn't being brought into court to show some books that are entirely private. By accepting the license it has opened the door by which these become quasi public records. Coleman v. United States, 6 Cir., 153 F.2d 400. True the Cudahy and Mohawk cases rule that Paul Porter must at least "sign" these subpoenas but they do not pass upon the other question. Since it is the duty of the court to make a logical and reasonable interpretation of the law and since no harm will come to this respondent which has itself invited the very act of which it now complains, we believe that these subpoenas, when signed properly by the Administrator, are in fact issued by him when sent out by the attorneys who are in the field acting in his behalf.

If respondent does not now willingly comply with petitioner's request, an order will be issued.