## UNITED STATES v. JONES.
### Cr. No. 3864.

District Court, S. D. Mississippi, W. D.
June 14, 1947.

J. E. Franklin, of Jackson, Miss., for defendant.

Robert E. Hauberg, U. S. Ass't Dist. Atty., of Jackson, Miss., and James W. Price, of Birmingham, Ala., for the Government.

MIZE, District Judge.

The defendant, Charlie E. Jones, was cited for contempt of Court for an alleged violation of an injunction issued by the Court, enjoining him from violating the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. He entered a plea of Not Guilty, after which the Government obtained a subpoena duces tecum, which required him to produce the following records: "All books, documents and records made or kept by the said Charlie E. Jones, or by any person under his direction and .control, which reflect the hours worked by, and the wages paid to each and every individual employed by the said Charlie E. Jones in connection with his logging operations, conducted in the vicinity of Belzoni, Humphreys County, Mississippi, during the period from January 1, 1944 to the date hereof."

The defendant is an individual and subject to the provisions of the Act. He produced the records called for in the subpoena but objected to their admission in evidence on the grounds that said records were private and privileged and that their admission would tend to incriminate him and would compel him to give evidence against himself, and therefore would be in violation of the Constitution of the United States. The Court overruled this objection and the question therefore arises, whether the privilege against self-crimination afforded by the United States Constitution, Fifth Amendment, protects an individual in resisting the compulsory production of records required by law to be kept even though their contents tend to criminate him. Section 11(c) of the Fair Labor Standards Act provides as follows: "(c) Every employer subject to any provision of this Act or of any order issued under this Act shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this Act or the regulations or orders thereunder."

On October 21, 1938, the Administrator of the Wage and Hour Division, United States Department of Labor, pursuant to the authority conferred upon him by Section 11(c) of the Act, duly issued and promulgated regulations prescribing the

records of persons employed and of wages, hours, and other conditions and practices of employment to be made, kept, and reserved by every employer subject to any provisions of the Act. The said regulations, and amendments thereto, were published in the Federal Register and are known as Title 29, Chapter V, Code of Federal Regulations, Part 516.

An individual defendant notwithstanding his constitutional rights against self-incrimination which would excuse him from producing personal records can be compelled nevertheless to produce records which he is required by law to keep.

Wigmore states the rule to be that records required by law to be kept are not protected by the privilege against self-crimination because "there is no compulsory self-crimination in a rule of law which merely required beforehand a future report on a class of future acts among which a particular one may be or may not in future be criminal at the choice of the party reporting", Wigmore on Evidence, § 2259c, page 855. The same rule applies to records required by law to be kept as is applicable to public records which are the property of the State.

In the case of Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 544, 55 L.Ed. 771, Ann.Cas.1912D, 558, the defendant refused to produce before a grand jury under a subpoena duces tecum directed to the corporation of which he was an officer certain books of the corporation in his possession because the contents thereof might tend to incriminate him even though the inquiry before the grand jury was not directed to the corporation itself.

The Court in this case, in sustaining its position that the privilege against self-crimination afforded by the constitution did not protect such officer in resisting the compulsory production of such records had occasion to review the authorities dealing with records required by law to be kept. The Court said in that case:

"Thus, in the case of public records and official documents, made or kept in the administration of public office, the fact of actual possession or of lawful custody would not justify the officer in resisting inspec-tion, even though the record was made by himself and would supply the evidence of his criminal dereliction. If he has embezzled the public moneys and falsified the public accounts, he cannot seal his official records and withhold them from the prosecuting authorities on a plea of constitutional privilege against self-crimination. The principle applies not only to public documents in public offices, but also to records required by law to be kept in order that there may be suitable information of transactions which are the appropriate subjects of governmental regulation, and the enforcement of restrictions validly established. There the privilege which exists as to private papers cannot be maintained. * * *

"The fundamental ground of decision in this class of cases is that where, by virtue of their character and the rules of law applicable to them, the books and papers are held subject to examination by the demanding authority, the custodian has no privilege to refuse production although their contents tend to criminate him. In assuming their custody he has accepted the incident obligation to permit inspection." See also the authorities cited therein.

The view expressed by the United States Supreme Court has been followed by the lower courts in the cases cited below:

United States v. Mulligan, D.C. N.D. N.Y., 268 F. 893. Records required by the Lever Act to be kept by a dealer in food as a condition to doing business were held not to be private papers within the meaning of the Constitution but records of a quasi public nature, the keeping of which is a condition to his doing business.

Rodgers v. United States, 6 Cir., 138 F.2d 992. The appellant, a producer of cotton, sought to reverse a judgment which mandatorily required him to file certain farm operators' reports pursuant to provisions of the Agricultural Adjustment Act, 7 U.S.C.A. § 1281 et seq. The Court held that the constitutional privilege against self-incrimination does not include records required by law to be kept in order that information may be obtained of transactions which are appropriate subjects of governmental regulation, as such records are quasi

public documents and are not for the appellant's private use.

Bowles v. Joseph Denunzis Fruit Co., D.C. W.D. Ky., 55 F.Supp. 9. The Price Administrator, pursuant to authority under the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., issued regulations requiring written evidence of sales to be recorded and kept for inspection. The Court held that such records are quasi public documents and as such do not come within the immunity provided to private papers by the Fourth Amendment.

Bowles v. Stitzinger, D.C. W.D. Pa., 1945, 59 F.Supp. 94. In an action for treble damages under the Emergency Price Control Act it was held that any record required by law to be kept is a quasi public record to which constitutional immunities do not apply.

Bowles v. Glick, 9 Cir., 1945, 146 F.2d 566. In an action under the Emergency Price Control Act the Court reversed the decision of the District Court and came to the same conclusion as that reached by the Court in Bowles v. Stitzinger, supra.

Fleming v. Montgomery Ward & Co., 7 Cir., 114 F.2d 384. The Court held that records required by the Fair Labor Standards Act to be kept may be examined without constituting an unreasonable search and seizure under the Fourth Amendment.

Anderson v. District of Columbia, D.C. Mun.App., 1946, 48 A.2d 710. The Court held that since records required by law to be kept under the District of Columbia, Female Eight Hour Laws are subject to inspection by Government officials, they are quasi public in character and may be submitted as evidence by the Government in a criminal proceeding without violation of the constitutional prohibition against self-incrimination.

■ The records required to be kept by the employer under the Fair Labor Standards Act are quasi public and one who engages in commerce covered by the Act submits himself to all its terms. A person is not required to engage in that line of business and his act, if he does choose it, is voluntary and he cannot be heard to accept the favorable parts and reject the unfavorable. The Constitution will not

and does not permit this. I have not overlooked the principles laid down in Boyd v. U.S. 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 and like cases but in the instant case Congress, under its constitutional power to regulate interstate commerce has the authority to require those so engaged to keep records and submit them to inspection. They thus become quasi public records, and their admission in evidence does not violate defendant's constitutional rights. Bowles v. Insel et al., 3 Cir., 148 F.2d 91.