**BOWLES, Adm'r, O. P. A., v. ABENDROTH.**

**No. 11024.**

Circuit Court of Appeals, Ninth Circuit.

Oct. 11, 1945.

George Moncharsh, Deputy Adm'r for Enforcement, Gleming James, Jr., Director, Litigation Division, David London, Chief, Appellate Branch, Nathan Siegel, Atty., OPA, all of Washington, D. C., Herbert H. Bent, Regional Litigation Atty., OPA, of San Francisco, Cal., and Cecelia P. Gallagher, Acting Dist. Enforcement Atty., OPA, of Portland, Ore., for appellant.

Reuben G. Lenske, of Portland, Ore., for appellee.

Before STEPHENS, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

Appellee is engaged in the business of selling, at wholesale, groceries, candy and tobacco. During a period commencing in January, 1944, representatives of the Office of Price Administration examined his records pertaining to dealings in groceries affected by Maximum Price Regulation 421.[1] Subsequently a suit for injunction and treble damages for violation of the price and record-keeping requirements of the regulation mentioned was begun. While this suit was pending the Administrator asked permission to examine appellee's records pertaining to his sales of candy and tobacco during March, 1942, and between November 1, 1943, and August 22, 1944. The purpose of the inspection was to determine whether the General Maximum Price Regulation had been complied with.[2]

Upon refusal of the request the Administrator issued a formal inspection requirement directing appellee to permit the inspection and copying of specified records. Again meeting with a refusal, the Administrator applied to the court for an order enforcing compliance.[3] The application was supported by a showing of probable cause. At the conclusion of a hearing on affidavits the court postponed ruling on the application until after the pending suit based on Regulation 421 could be heard. Although the trial of the latter action resulted in a sweeping decree enjoining violation of the Act and the regulation there involved, the court, without findings or opinion indicative of his reasons, denied the enforcement application with which we are presently concerned.

We think the courts may not substitute their judgment of the necessity or desirability of an investigation for that of the agency made responsible by Congress for the policing of wartime prices. Cf. Bowles v. Glick Bros. Lumber Co., 9 Cir., 146 F.2d 566, 570, 571. Enforcement may, of course, be declined if the administrative subpena is vague or unreasonably burdensome, Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652, or if the proposed inquiry is not authorized by statute, Harriman v. Interstate Commerce Commission,

---

[1] Under this regulation prices for food items are determined on the basis of the seller's purchases made immediately prior to August 5, 1943.

[2] Maximum prices of candy and tobacco are determined under the General Regulation by the highest price at which the seller delivered the same kind of candy or tobacco during March, 1942.

[3] The relevant provisions of the Price Control Act are as follows: Sec. 202.

"(b) The Administrator is further authorized, by regulation or order, to require any person who is engaged in the business of dealing with any commodity * * * to make and keep records and other documents, and to make reports, and he may require any such person to permit the inspection and copying of records and other documents * * *. The Administrator may administer oaths and affirmations and may, whenever necessary, by subpena require any such person to appear and testify or to appear and produce documents, or both, at any designated place.

"(c) For the purpose of obtaining any information under subsection (a), the Administrator may by subpena require any other person to appear and testify or to appear and produce documents, or both, at any designated place. * * *

"(e) In case of contumacy by, or refusal to obey a subpena served upon, any person referred to in subsection (c), the district court for any district in which such person is found or resides or transacts business, upon application by the Administrator, shall have jurisdiction to issue an order requiring such person to appear and give testimony or to appear and produce documents, or both; and any failure to obey such order of the court may be punished by such court as a contempt thereof. The provisions of this subsection shall also apply to any person referred to in subsection (b), and shall be in addition to the provisions of section 4(a)." 50 U.S. C.A.Appendix, § 922.

211 U.S. 407, 29 S.Ct. 115, 53 L.Ed. 253; Cudahy Packing Co. v. Holland, 315 U.S. 357, 62 S.Ct. 651, 86 L.Ed. 895. No defenses of that sort were available here. True, appellee would be put to substantial inconvenience by a second inspection; but the inspection desired was of a phase of his business not previously inquired into. And effective price control, like war itself, is inevitably a painful operation.

Reversed.