**PORTER, Adm'r, Office of Price Administration, v. McCOLLOCH, Judge.**

**No. 11024.**

Circuit Court of Appeals, Ninth Circuit.

March 21, 1946.

Herbert H. Bent, Jacob Chaitkin, and Austin Clapp, Attys., OPA, all of San Francisco, Cal., for petitioner.

S. J. Graham, William M. Langley, and John M. Hickson, all of Portland, Or., for respondent.

C. M. Gould and Hill, Morgan & Farrar, all of Los Angeles, Cal., and Reuben G. Lenske, of Portland, Or., for A. G. E. Abendroth.

Before STEPHENS, HEALY, and BONE, Circuit Judges.

PER CURIAM.

This proceeding is an outgrowth of our decision in Bowles, Administrator, v. Abendroth, 9 Cir., 151 F.2d 407, in which we reversed an order of the district court denying an application of the Administrator, made pursuant to § 202(c) of the Price Control Act, 50 U.S.C.A.Appendix, § 922(c), for the enforcement of a subpena.[1] As appeared on the face of the application and supporting papers, the subpena had been issued over the signature of James F. Brownlee, Acting Price Administrator of the Office of Price Administration. No question was raised concerning Brownlee's authority in the premises. We decided that on the showing made it was the duty of the district court to grant the application.

Mandate was issued commanding the taking of further proceedings in the cause by the district court in accordance with our opinion and decree. Thereafter the Administrator, Petitioner here, submitted to Honorable Claude McColloch, judge of the district court, a proposed order responsive to the mandate. The judge, however, on the supposed authority of Cudahy Packing Co. v. Holland, 315 U.S. 357, 62 S.Ct. 651, 86 L. Ed. 895, declined to make any order enforcing compliance with the subpena in view of the fact that it had been issued over the signature of the Acting Price Administrator rather than the Price Administrator, Chester Bowles. Instead an order was entered denying the enforcement application for want of jurisdiction.

The Administrator petitioned this court for a writ of mandamus commanding the district judge to comply with our decree. An order to show cause was issued, and the matter is before us on the petition of the Administrator and the return of the Respondent judge.

---

[1] The subpena was denominated an "inspection requirement."

The law of the case requires the granting of the writ petitioned for. No new facts were before the district court after mandate went down. The court was not, as it appears to have thought, without jurisdiction to proceed. Questions, if any, concerning the authority of the Acting Price Administrator to issue the subpena were waived by the failure timely to raise them. It is not now open to the Respondent to question the mandate.

Some claim is made that the desired inspection has already been had and that the proceeding is therefore moot. This was not a ground of the trial judge's decision, and there is no sufficient basis for the suggestion of mootness.

Since the views here expressed will serve to remove the obstacles to enforcement thought by Respondent to exist, we assume that the writ need not formally issue at this time. Instead, the clerk is directed to furnish certified copies of this opinion to the Respondent and to the Clerk of the District Court of Oregon for Respondent's information and guidance.

See also, D.C., 45 F.Supp. 924.

Brown & Belford and John S. Belford, all of Reno, Nev., and James E. Lyons, of San Francisco, Cal., for appellant.

Thatcher & Woodburn, Geo. B. Thatcher, Wm. Woodburn, and Wm. J. Forman, all of Reno, Nev., for appellees.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.