**RALEY et al. v. PORTER.**

**No. 9171.**

**United States Court of Appeals District of Columbia.**

Argued March 27, 1946.

Decided June 17, 1946.

Mr. Paul Flaherty, of Washington, D. C., with whom Mr. C. L. Dawson, of Washington, D. C., was on the brief, for appellants.

Mr. Milton Klein, Director, Litigation Division, of Washington, D. C., with whom Messrs. Samuel Mermin, Chief, Special Litigation Branch, and J. Grahame Walker, District Enforcement Attorney, all of the Office of Price Administration, both of Washington, D. C., were on the brief, for appellee. Mr. David London, Chief, Appellate Branch, O.P.A., of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and EDGERTON and CLARK, Associate Justices.

EDGERTON, Associate Justice.

Appellants operate a retail grocery store in Washington, D. C. The District Director of the Office of Price Administration, by virtue of authority which the Administrator had delegated to district directors,[1] issued on August 2, 1945 a subpena directing appellants to produce "all books, records and sale slips showing sales of commodities subject to price control between January 1, 1945, and the date of this subpena". Appellants refused to comply and the District Court ordered them to do so. This appeal is from the court's order.

Section 202(a) of the Emergency Price Control Act of 1942[2] authorizes the Administrator to make investigations, conduct hearings, and obtain information to assist him in enforcing the Act. Section 202(b) authorizes him to require dealers, etc., to furnish information and permit inspection of records. It also authorizes him to administer oaths and, by subpena, to require persons to testify or produce documents or both. Appellants contend that the Administrator cannot delegate his power to issue subpenas.

Every function of the Office of Price Administration is conferred, in terms, upon the Administrator. Obviously he must delegate most of his func-

---

[1] Revised General Order 53, issued May 13, 1944, 9 F.R. 5191.

[2] 56 Stat. 23, 30, amended, 58 Stat. 632, 637, 50 U.S.C.A.Appendix, § 922(a).

tions if they are to be performed at all. Section 201 (a) authorizes him to "appoint such employees as he deems necessary in order to carry out his functions and duties under this Act." The Senate Committee on Banking and Currency, in reporting out the Price Control Bill, said that the Administrator might delegate "any of the powers given to him by the bill".[3] His authority to delegate the fixing of maximum rents was upheld in Bowles v. Griffin, 5 Cir., 151 F.2d 458, and was applied without question in Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892. His authority to delegate the bringing of damage suits was upheld in Bowles v. Wheeler, 9 Cir., 152 F.2d 34.[4] There is no reason why the issuing of a subpena, which is not enforceable without a court order, should not likewise be capable of delegation. The Administrator cannot exercise personal discretion every time the question arises whether a subpena should be issued in connection with any of the thousands of investigations which his subordinates must carry on in all parts of the country. To hold that he may not delegate his subpena power would mean that he must keep all his branch offices supplied with blank subpenas signed by him in advance. It is more prudent and orderly for subpenas to be signed by the selected representatives who must exercise the discretion which their use involves. The difference between the one system and the other is like that between signing hundreds of blank checks for future use and authorizing selected representatives to sign checks from time to time. Congress did not forbid the more orderly practice which the Administrator adopted. The Court of Appeals of the Seventh Circuit has reached the same conclusion.[5]

Cudahy Packing Company v. Holland, 315 U.S. 357, 62 S.Ct. 651, 86 L.Ed. 895, on which appellants rely, does not support their position. The Supreme Court there held that Congress had not authorized the Wage and Hour Administrator to delegate his subpena power, but the Court based that conclusion chiefly on three considerations none of which is present here. (1) The statute there involved, the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., expressly authorizes delegation of the power to make investigations, but does not expressly authorize delegation of the power to issue subpenas. The Price Control Act, on the other hand, does not expressly authorize delegation of any power of the Administrator.[6] (2) The Fair Labor Standards Act adopts, by reference, the subpena provisions of the Federal Trade Commission Act, 15 U.S.C.A. § 41

[3] S.Rep.No.931, 77th Cong., 2d Sess., p. 20.

[4] Certiorari denied 66 S.Ct. 265.

[5] Pinkus v. Porter. 7 Cir., 155 F.2d 90. Bowles v. Abendroth, D.C.D.Or., 64 F. Supp. 704, is in our opinion erroneous.

[6] Appropriation Acts contain the following proviso: "That any employee of the Office of Price Administration is authorized and empowered, when designated for the purpose by the head of the agency, to administer to or take from any person an oath, affirmation, or affidavit when such instrument is required in connection with the performance of the functions or activities of said Office." National War Agencies Appropriation Act, 1944, 57 Stat. 522, 526; Second Deficiency Appropriation Act, 1944, 58 Stat. 597, 601. But this proviso, as the Committee on Revision of the Laws duly noted in incorporating it in the Code as § 922a of Title 50, U.S.C.A.Appendix, was not enacted as a part of the Price Control Act. Moreover this proviso was not enacted to authorize the Administrator to delegate a power which the Price Control Act conferred upon him. On the contrary, it was enacted to authorize designated employees to exercise a power which the Price Control Act did not confer upon any one and which the proviso itself did not confer upon the Administrator. The Act gives the Administrator power to administer oaths, but only in connection with the investigative powers granted by § 202. The Administrator concluded that only notaries, or other officers who derived their authority from some independent source, could administer to new employees the oath of office required by 5 U.S.C.A. §§ 16, 18. This was burdensome because of the vast number of the Administrator's employees, who include all the employees of local price and rationing boards. The proviso in the Appropriation Acts was inserted, at his request, in order to make it possible for his subordinates to swear in new employees. Hearings on National War Agencies Appropriation Bill for 1944, 78th Cong., 1st Sess., Part 2, pp. 306, 307.

et seq. That Act impliedly negatives the delegation of the subpena power to subordinates, by providing that any *member* of the Trade Commission, as well as the Commission itself, may issue subpenas. (3) The legislative history of the Fair Labor Standards Act tends to negative delegation, whereas that of the Emergency Price Control Act tends to support delegation.[7]

■ Appellants contend that the subpena was invalid because of its breadth, and because the Administrator did not show probable cause to believe that appellants were violating the Price Control Act. This position is untenable in the light of Oklahoma Press Publishing Co. v. Walling and News Printing Co., Inc. v. Walling, 66 S.Ct. 494, decided February 11, 1946, and Cudmore v. Bowles, 79 U.S. App.D.C. 255, 145 F.2d 697. Appellants' assertion that examination of their records will disrupt their business, because they must constantly use the records, cannot be taken seriously. Counsel for the Administrator assured the trial court that if it would help appellants he was ready to pick up only a week's invoices at a time, photostat them, and return them the next day. No greater concession to appellants' convenience could fairly be asked.

Affirmed.

---

[7] Supra at note 3.