## PORTER v. GANTNER & MATTERN CO.
### No. 11263.

Circuit Court of Appeals, Ninth Circuit.
June 24, 1946.

George Moncharsh, Deputy Administrator for Enforcement, Milton Klein, Director, Litigation Division, David London, Chief, Appellate Branch, and Nathan Siegel, Sp. Appellate Attorney, OPA, all of Washington, D. C., and Herbert H. Bent, Regional Litigation Attorney, and Jacob Chaitkin, Sp. Appellate Attorney, OPA, both of San Francisco, Cal., for appellant.

Milton Marks and Morris Lowenthal, both of San Francisco, Cal., for appellee.

Before MATHEWS, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

The Price Administrator appeals from a judgment dismissing his application for an order directing appellee to submit its books and records to an inspection.

After an investigation of appellee's records in February 1945, during which access was voluntarily afforded, the Administrator commenced an action for an injunction compelling the keeping of an adequate base period statement and current pricing records as required by regulations governing articles of wearing apparel sold by appellee, and to enjoin the latter from selling such commodities until it complied with the regulations. After filing an answer, appellee served interrogatories on counsel for the Administrator. These interrogatories were not answered within the proper time and several months passed without any action on the part of the Administrator. On July 13, 1945, appellee moved to dismiss the action, which had been set for trial on July 24. At a hearing on July 23 the trial court granted the motion, as it was learned that not only had the interrogatories been overlooked by the Administrator's legal staff but that counsel was not prepared to go to trial.[1]

The next day, a representative of the Office of Price Administration called on appellee and asked to inspect certain records, a keeping of which was required by the General Maximum Price Regulation. He was refused access to the records at that time. Several days later an official of appellee read portions of the records to the investigator but it is asserted he did not permit a complete examination.

On August 22, 1945, the Administrator served on appellee's officers copies of a formal requirement for inspection of portions of its books. This requirement was signed by Robert Parks, who was identified as, "Price Administrator, Office of Price Administration." Asserting the requirement had not been met, the Administrator, on August 30, 1945, brought an action denominated "Application of Price Administrator for Order Compelling Compliance with an Inspection Requirement of the Office of Price Administration." The application stated that jurisdiction was conferred on the District Court by § 205(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 925(a).

Appellee filed an answer (1) denying that the investigation and service of the inspection requirement was for the purpose of assisting the Administrator to enforce the Price Control Act; rather, that it was for the purpose of punishing and harassing appellee; (2) denying that appellee refused to permit the inspection and copying of the records referred to; (3) alleging that the cause of action stated was res judicata because the proceeding for an injunction had been dismissed on the merits[2] and the inspection requirement was directed against the same company to examine base period statements and records of the same nature complained of in the injunction proceeding. In addition, appellee filed a counterclaim in which it was alleged that during February and March of 1945 the Administrator had made an intensive examination of appellee's books; that after the action for injunction had been dismissed his investigators immediately de-

---

1 On July 24 the Administrator moved to be relieved from the order dismissing the action. The motion was denied on July 30, 1945.

2 The argument that upon dismissal the cause was res judicata flows from certain provisions of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. See Rules 33 and 37(d) relating to interrogatories and Rule 41(b) providing that failure to comply with the Rules is grounds for motion to dismiss and that unless otherwise specified an order of dismissal under that subdivision "operates as an adjudication upon the merits."

manded production of the same books and records which were the subject matter of the dismissed action. It was asserted that further demands for production of these records had the effect of harassing appellee and it was asked that the Administrator be enjoined from demanding production of these records or for their inspection and from commencing any other action or proceeding to compel their production.

The Administrator moved to dismiss the counterclaim and to strike the defense of res judicata, stating that the application did not contain any allegation or issue similar to or the same as any allegation or issue in the dismissed action.

. Subsequently, in response to interrogatories filed by appellee, counsel for the Administrator filed answers containing a denial of appellee's allegations as to the length and scope of the previous examination of the books and asserting that permission for further inspection had been refused except to a very limited extent.· It was asserted that an investigator had compared a relatively small portion of appellee's records, which were read to him, with notes taken during the previous examination and had found that the "records have been changed and/or have additions, and generally are not the same records he inspected in the investigation commencing February 23, 1945."

Shortly thereafter, argument on the Administrator's motion was heard and memoranda were submitted. However, the court did not consider the questions thus presented. It dismissed the application on the ground that the Price Control Act conferred no jurisdiction to enforce an *inspection requirement*. The judge stated that "the purported answer and counterclaim is to a nonexistent complaint and is mere surplusage, as were the several motions and affidavits. The proceeding, as a whole, ·is a nullity and will be dismissed."

This view is erroneous. The Price Control Act confers jurisdiction on the district court to enforce demands for inspections of this nature. We have in substance so held.[3] Bowles v. Northwest Poultry & Dairy Products Co., 9 Cir., 153 F.2d 32; Bowles v. Abendroth, 9 Cir., 151 F.2d 407. The applicable provisions of the Act are shown on the margin.[4]

Although the court below was of the

[3] Although these cases do not contain a discussion of the questions raised in the instant proceeding, in each of them the Administrator sought an order enforcing compliance with an inspection requirement.

[4] "§ 4(a) It shall be unlawful, regardless of any contract, agreement, lease, or other obligation heretofore or hereafter entered into, for any person to sell or deliver any commodity, or in the course of trade or business to buy or receive any commodity, or to demand or receive any rent for any defense-area housing accommodations, or otherwise to do or omit to do any act, in violation of any regulation or order under section 2, or of any price schedule effective in accordance with the provisions of section 206, or of any regulation, order, or requirement under section 202(b) or section 205(f), or to offer, solicit, attempt, or agree to do any of the foregoing."

"§ 202(a) The Administrator is authorized to make such studies and investigations, to conduct such hearings, and to obtain such information as he deems necessary or proper to assist him in prescribing any regulation or order under this Act, or in the administration and enforcement of this Act and regulations, orders, and price schedules thereunder.

"(b) The Administrator is further authorized, by regulation or order, to require any person who is engaged in the business of dealing with any commodity, or who rents or offers for rent or acts as broker or agent for the rental of any housing accommodations, to furnish any such information under oath or affirmation or otherwise, to make and keep records and other documents, and to make reports, and he may require any such person to permit the inspection and copying of records and other documents, the inspection of inventories, and the inspection of defense-area housing accommodations. The Administrator may administer oaths and affirmations and may, whenever necessary, by subpena require any such person to appear and testify or to appear and produce documents, or both, at any designated place.

"(c) For the purpose of obtaining any information under subsection (a), the Administrator may by subpena require any other person to appear and testify or to appear and produce documents, or both, at any designated place.

"(d) The production of a person's docu-

opinion that in no event could an inspection be sought under § 205(a), we think the Administrator might ground his application on that section. It will be noted that § 202(b) empowers the Administrator to require the keeping of records and the making of reports of dealings in any commodity and authorizes him to require permission for inspection and copying of records and other documents. Section 4(a) states, inter alia, that it shall be unlawful to do or omit to do any act in violation of any regulation, order, or *requirement* under § 202(b). Section 205(a) authorizes the Administrator to apply to the appropriate court for an injunction or for an order enforcing compliance whenever in his judgment any person has engaged or is about to engage in any acts constituting a violation of § 4. It seems clear that a refusal to permit inspection is a violation of duties enjoined by § 202(b) and is therefore a violation of § 4. Since this refusal is a violation of § 4, the Administrator is entitled, as provided by § 205(a), to apply in the district court for an injunction or order enforcing compliance with the Act. Compare Porter, Administrator, v. Warner Holding Co., 66 S.Ct. 1086.

Appellee contends that other provisions of the Act indicate that Congress did not empower the district courts to enforce anything other than subpenas; and that a document denominated "inspection requirement" cannot be clothed with the dignity of a subpena. It is conceded, however, that the Administrator has the alternative, in a case like the present, of seeking a mandatory order of injunction requiring an individual to show his books and records, but that in exercising this alternative he may not apply for "an order compelling the person to obey a particular type of document served upon him by the Administrator." The distinction appears to be without difference in substance. The object of requiring an application to be made to the district court is to make certain that the Administrator has abided by the limitations of relevancy, specificity, and reasonableness. Oklahoma Press Publishing Co. v. Walling, 66 S.Ct. 494. Whether the court enforces the document served upon the defendant or makes an order requiring the same action, the result is the same. As a matter of fact, appellee has no grounds for objection even though this secondary argument be regarded as valid. The Administrator's prayer was "that the court issue an order requiring defendant to permit duly accredited representatives of the Office of Price Administration to inspect and copy the above described records included in the inspection requirement hereto referred to, at the place of business of defendant."

We must look to the substance of the action taken and the relief sought, rather than to outward form. Viewed in this manner, there is little difference between the word "subpena," as employed in the

ments at any place other than his place of business shall not be required under this section in any case in which, prior to the return date specified in the subpena issued with respect thereto, such person either has furnished the Administrator with a copy of such documents (certified by such person under oath to be a true and correct copy), or has entered into a stipulation with the Administrator as to the information contained in such documents.

"(e) In case of contumacy by, or refusal to obey a subpena served upon, any person referred to in subsection (c), the district court for any district in which such person is found or resides or transacts business, upon application by the Administrator, shall have jurisdiction to issue an order requiring such person to appear and give testimony or to appear and produce documents, or both; and any failure to obey such order of the court may be punished by such court as a contempt thereof. The provisions of this subsection shall also apply to any person referred to in subsection (b), and shall be in addition to the provisions of section 4(a)."

"§ 205(a) Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act, he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

Price Control Act, and the phrase "inspection requirement." Both are formal documents having the same end in view and are subject to similar limitations. A subpena is somewhat broader and may require production of records at a place other than that in which they are ordinarily kept. But in some instances even this distinction may be lacking. See § 202(d) and consult Walling v. American Rolbal Corp., 2 Cir., 135 F.2d 1003, 1005. The terms are so nearly synonymous that this court did not distinguish between them in Bowles v. Abendroth, 9 Cir., 151 F.2d 407, and Porter v. McColloch, 9 Cir., 154 F.2d 876, as, indeed, there was no necessity of doing. We are of the opinion that the reference in § 202 (e) to "subpena" should be construed to include any other formal document having the same function.[5] Therefore the Administrator might have proceeded under § 202 (e), had he wished.[6] By way of further elucidation, we add that the provisions of that subdivision state it shall be in addition to those of § 4, indicating that instead of creating the exclusive manner in which proceedings may be brought, the subsection provides an alternative method of seeking an order to inspect documents. We mention this matter only because counsel has intimated that § 205(a) and § 202(e) should be regarded as mutually exclusive.

■ Appellee contends that even though it be held that the district court has jurisdiction to order enforcement of an inspection requirement, it may not do so in the present proceeding because the requirement was not signed or issued by the Price Administrator. It is conceded that the document was signed by the then Director of the Office of Price Administration for the San Francisco District, Robert Parks, who was erroneously designated as Price Administrator instead of District Director. The question of his authority was not raised during the proceedings below; therefore our opinion in Porter v. McColloch, supra, lends support to the Administrator's contention that it was waived. However, we do not deem it necessary to discuss the question of waiver, as we believe authority was validly delegated to the District Director to sign such a requirement.[7] Recently the Seventh Circuit and the Court of Appeals of the District of Columbia have so held. Pinkus v. Porter, 155 F.2d 90; Raley v. Porter, 156 F.2d 561. We approve and adopt the reasoning of these opinions.

We conclude that the court had jurisdiction to consider the Administrator's application. However, the record before us is not in such a state that we are in position to render a decision on the merits.

The cause is remanded with instructions to the court to entertain the application and to make appropriate findings of fact and conclusions of law on the questions raised and to enter judgment accordingly.

[5] The Administrator argues that an inspection requirement is in reality an "order" to make records available for inspection, and that whether it be called an "inspection requirement," "subpena," or "notice," or has no name at all, should be immaterial, for in any case it is an order of the Administrator. See Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 63 S. Ct. 339, 87 L.Ed. 424, where the Secretary of Labor was authorized to issue an "order" for the purpose of investigating various matters under the Walsh-Healey Act, 41 U.S.C.A. § 35 et seq. The "order" took the form of a subpena duces tecum—but it is clear that such a label was not necessary.

[6] If we did not take the broad view that an inspection requirement is in effect the same as a subpena, we believe that jurisdiction might nevertheless be invoked under § 202(e) because of the last sentence which states, "The provisions of this subsection *shall also apply to any person referred to in subsection (b),* and shall be in addition to the provisions of section 4(a)." [Emphasis added.]

[7] See Revised General Order 53, 9 F.R. 5191, May 13, 1944.