### SMITH v. FLEMING, Adm'r, Office of Temporary Controls.

### No. 3450.

Circuit Court of Appeals, Tenth Circuit.

Dec. 18, 1946.

Jerome Walsh, of Kansas City, Mo. (Harry H. Terte, of Kansas City, Mo., on the brief), for appellant.

Albert M. Dreyer, of Washington, D. C., (David London, of Washington, D. C., James B. Nash, and Lawrence J. Wetzel, both of Wichita, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PER CURIAM.

This is an appeal by the defendant below from a final order of the United States District Court for the District of Kansas granting the Price Administrator's application to enforce a subpoena issued by the District Director for the Office of Price Administration for the State of Kansas under the provisions of § 202 of the Emergency Price Control Act, 50 U.S.C.A.App. 922.

The appeal challenges the validity of the subpoena on the sole ground that it was issued by the District Director and that the Administrator is without authority under the provisions of the Act to delegate his power of subpoena.

The precise question in this case has been considered by the Court of Appeals for the District of Columbia and by four of the Circuit Courts of Appeals.[1] All of these cases, with the exception of the Mohawk case by the Sixth Circuit, uphold the power of the Administrator to delegate his power to issue subpoenas. All of them draw a distinction between the power of the Administrator to delegate his authority to issue subpoenas under the Act in question and the like power of the Administrator under the Wage and Hour Act, 29 U.S.C.A. § 201 et seq., which the Supreme Court held could not be delegated.[2] The Sixth Circuit in the Mohawk case took a contrary view and concluded the Administrator could not delegate his power to issue subpoenas. We think that the decisions by the Court of Appeals for the District of

---

[1] See Pinkus v. Porter, 7 Cir., 155 F. 2d 90; Raley v. Porter, App.D.C., 156 F. 2d 561; Porter v. Murray, 1 Cir., 156 F. 2d 781; Porter v. Gantner & Mattern Co., 9 Cir., 156 F.2d 886; Porter v. Mo- hawk Wrecking & Lumber Co., 6 Cir., 156 F.2d 891.

[2] Cudahy Packing Co. v. Holland, 315 U.S. 357, 62 S.Ct. 651, 86 L.Ed. 895.

Columbia and by the First, Seventh, and Ninth Circuits in the cases listed in Note 1 state the correct rule and we adhere thereto.

The stay order heretofore issued staying the order of the lower court pending appeal to this court is accordingly dissolved and the order and judgment appealed from are affirmed.