### DOSSETT et al. v. PORTER.

#### No. 10408.

Circuit Court of Appeals, Sixth Circuit.

May 26, 1947.

James G. Wheeler, of Paducah, Ky., for appellant.

David London, of Washington, D. C. (William E. Remy, David London, Albert M. Dreyer and Harold Craske, all of Washington, D. C., and Francis B. Douglass, of Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, MARTIN and MILLER, Circuit Judges.

MARTIN, Circuit Judge.

This is an appeal by A. H. Dossett, doing business as J. A. Dossett Lumber Company, of Paducah, Kentucky, from an order of the district court directing compliance with an Inspection Requirement issued by the OPA Price Administrator, pursuant to Section 202(b) of the Emergency Price Control Act of 1942, as amended, 56 Stat. 23, 50 U.S.C.A.Appendix, Section 901 et seq.

The Inspection Requirement is closely analogous to a subpoena duces tecum, but is not as drastic, in that appellant merely had to make available for inspection by the Office of Price Administration at his own place of business certain designated records required under applicable price regulations to be kept for inspection. Before issuing its order, the district court, upon due notice, afforded an adequate hearing and gave appropriate consideration to the resistance of appellant to the issuance of the order. Appellant was given the right, by the express language of the order, to be present in person or by counsel during the examination and copying of its records by the OPA representative.

Appellant insists that the Administrator was required by the provisions of U. S.C.A., Title 50, Section 922(e) to issue a subpoena before he could properly procure a court order. The argument appears hypertechnical, unsound, and contrary to established authority. An Inspection Requirement is essentially an order of the Price Administrator to make available for his inspection records required by the Act, or appropriate regulations thereunder, to be made and kept. Nomenclature seems immaterial in the context. The Act of

Congress plainly gave the Administrator the power to inspect; and, whether his demand for inspection took the form of a subpoena, order, notice, or inspection requirement, he has not exceeded the power vested in him by the Act. The narrowing restriction which appellant would seek to impose upon him would be utterly inconsistent with the broad visitorial powers which Endicott Johnson Corporation v. Perkins, Secretary of Labor, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424, demonstrates have been vested by Congress in the administrative branch of Government, acting pursuant to Congressional authority.

The argument of appellant was squarely met and rejected in Porter v. Gantner & Mattern Co., 9 Cir., 156 F.2d 886. The Court of Appeals held that the district court has jurisdiction to enforce demand for inspection of books and records of one subject to the Emergency Price Control Act. It was declared that there is little difference between the word "subpoena" as employed in the Act and the phrase "Inspection Requirement"; both being formal documents having the same end in view and subject to similar limitations, except that a subpoena is somewhat broader, in that by its use records can be required to be produced at some place other than that where they are ordinarily kept. In the case at bar, appellant was not required to bring his records anywhere, but merely to submit to their inspection in his own place of business. Therefore, a subpoena was in no sense necessary under the most technical interpretation of the Act.

Appellant complains of the conclusion of the district court that the "public or quasi public character of the records and papers required to be kept by all persons dealing in such commodities by regulations issued by the Price Administrator under the power granted by Section 902 of the Act, is such as to authorize their inspection and copying by the agents of the Administrator and that those who enter into or continue in a business subject to that regulation, waive the constitutional immunities of privacy in respect of their papers and against compulsory testimony." It is urged by counsel for appellant that "the sound

rule as to quasi public records is limited to records which are required to be kept distinctly and exclusively for public purposes and not for private use"; and that "no citizen can be required to waive his constitutional immunities as a condition precedent to his right to engage in lawful business."

The argument will not stand. This court has held that there is excluded from the constitutional privilege against self-incrimination the opening to official inspection, pursuant to Act of Congress, of papers, records and reports required by law to be made and kept in order that suitable information may be obtained concerning transactions which are appropriately subjected to governmental regulation. See Rodgers v. United States, 6 Cir., 138 F.2d 992, at page 996, where we said: "The records and reports required by the statute and regulations here in question are quasi-public documents and not for appellant's private use. They are for the benefit of the public and are open to inspection by such persons and officers as are authorized under the statute to inspect them. Wilson v. United States, 221 U.S. 361, 382, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D, 558."

Appellant points to the immunity provisions of the Compulsory Testimony Act of February 11, 1893, U.S.C.A., Title 49, Section 46. But Section 202(g) of the Emergency Price Control Act expressly provides that no person shall be excused from complying with any requirements under the Section because of his privilege against self-incrimination, but that the immunity provision of the Compulsory Testimony Act shall apply where any individual specifically claims his privilege against self-incrimination. It is obvious that appellant was required first to obey the Inspection Requirement before any issue of immunity could arise. He could claim his privilege against self-incrimination simultaneously with the production for inspection of the required records, and thereafter present the issue of personal immunity from the use of the records against him, if criminally prosecuted. We need not decide whether his claimed privilege in such event would be well grounded, inasmuch as the

records herein involved are of a quasi public character.

■ The argument that the court order should not have been issued for the reason that the Administrator made no showing of probable cause is unsound. The investigation by the Price Administrator being authorized by Act of Congress, no showing of probable cause was necessary. For discussion of the principle, see Oklahoma Press Publishing Co. v. Walling, Wage and Hour Administrator, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614, 166 A.L.R. 531. A showing of probable cause has been held not to be a prerequisite to enforcement of administrative subpoenas issued under the Emergency Price Control Act. Hagen v. Porter, 9 Cir., 156 F.2d 362, 365; Bowles v. Glick Bros. Lumber Co., 9 Cir., 146 F.2d 566, 571; Bowles v. Insel, 3 Cir., 148 F.2d 91, 93.

■ The records which the court order directed appellant to have available for inspection were not irrelevant, but were quite appropriate to the investigation authorized. Wherefore, the argument of appellant that the court's order permits the Price Administrator to go on a fishing expedition is invalid. The appropriateness of the issuance of the district court's order for inspection of the records of appellant by the Price Administrator is well sustained by authority in cases where subpoenas were issued at the instance of the Price Administrator, seeking no broader investigatory power than he seeks in the instant controversy. Pinkus v. Porter, 7 Cir., 155 F.2d 90; Porter v. Mueller, 3 Cir., 156 F.2d 278; Raley v. Porter, App.D.C., 156 F.2d 561; Cudmore v. Bowles, 79 U.S.App.D.C., 255, 145 F.2d 697.

■ The final contention of appellant that the appellee was neither a de facto nor a de jure officer when these proceedings were instituted is without merit. The Act of Congress retroactively reseated the Price Administrator in the saddle, as if he had never been unhorsed. Pub.Law 548, approved July 25, 1946, Section 18, 50 U.S.C.A.Appendix, § 901a note. See Porter v. Shibe, 10 Cir., 158 F.2d 68, 70. Compare Porter v. Maule, 5 Cir., 160 F.2d 1, decided February 24, 1947. The insistence of appellant was rejected in the very recent decision of the Supreme Court in Fleming, Temporary Controls Administrator v. Mohawk Wrecking & Lumber Company, 329 U.S. ——, 67 S.Ct. 1129.

The order of the district court from which this appeal is taken is affirmed.