## CREEDON v. WARNER HOLDING CO. et al.

No. 13496.

Circuit Court of Appeals, Eighth Circuit.

June 18, 1947.

116

David London, of Washington, D. C. (William E. Remy, Albert M. Dreyer, and Norma G. Zarky, all of Washington, D. C., and Isadore L. Kovitz, of Chicago, Ill., on the brief), for appellant.

R. H. Fryberger, of Minneapolis, Minn. (M. R. Keith, of Minneapolis, Minn., on the brief), for appellees.

Before GARDNER, WOODROUGH and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal taken by Philip B. Fleming, Temporary Controls Administrator, from a judgment of the district court dismissing a proceeding brought under § 202(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., for an order enforc-

ing an Inspection Requirement directed to the appellees. Frank R. Creedon, Housing Expediter, Office of the Housing Expediter, has been substituted as party appellant in this court. A copy of the Inspection Requirement is set out in the margin.[1]

The appellees are owners of rental properties in the state of Minnesota. After they had refused permission to inspect certain designated documents concerning specified residential properties, the Inspection Requirement signed by Paul A. Porter, the then Price Administrator, dated August 9, 1946, was served on August 13, 1946. Upon appellees' refusal to make the records available, this proceeding to enforce compliance was commenced by petition supported by affidavits. Appellees filed objections to the jurisdiction; and, after a hearing. the court, on December 18, 1946, entered the order from which this appeal was taken, denying enforcement.

Since the court did not file an opinion nor make findings of fact we look to the appellees' objections as developed in their brief to find the probable reasons for the court's refusal to require compliance with the Inspection Requirement. Appellees say in substance that

1. The attempt of Congress to revive the Emergency Price Control Act of 1942 by the passage of the Price Control Extension Act of 1946 was unlawful and ineffective.

2. The Inspection Requirement was invalid on its face in that it was false and misleading, was issued without authority of law, and violated the constitutional safeguards against unlawful searches and seizures.

3. The enforcement of an Inspection Requirement is within the sole discretion of the district court and the exercise of its discretion should not be disturbed on appeal.

First, the contention that Congress failed in its effort to revive the Emergency Price Control Act of 1942 by the passage of the Price Control Extension Act of 1946 does not call for extended discussion. Appellees' criticism is directed to § 18(1) of the latter Act, 50 U.S.C.A.Appendix, § 901a note. The 1942 Act had provided that it and all regulations thereunder "shall terminate on June 30, 1946 * * *." Section 18(1) of the 1946 Act reads: "The provisions of this Act shall take effect as of June 30, 1946, and (2) all regulations, orders, price schedules, and requirements under the Emergency Price Control Act of 1942, as amended * * * which were in effect on June 30, 1946, shall be in effect in the same manner and to the same extent as if this Act had been enacted on June 30, 1946 * * *."

The constitutionality and validity of these provisions of the Act were considered and held to be valid by the Supreme Court

[1] Inspection Requirement
TO: Harold L. Warner and/or Warner Holding Company
Harold L. Warner, President, 1222-24-26 Baker Building, Minneapolis, Minnesota.

In connection with an investigation to assist the Price Administrator, Office of Price Administration, in the administration and enforcement of the Emergency Price Control Act of 1942, as amended, and especially the following: a study of the income and expenses of Residential Rental Properties pursuant to Section 2 (b) of the Emergency Price Control Act.

You Are Hereby Forthwith Required to Permit Robert R. Meadowcroft, representative of the Office of Price Administration to inspect at your place of business the following documents:

All books, records, operating statements, and other documents for the period from January 1, 1939, to December 31, 1945, pertaining to the rents, rental agreements, rental practices, income, and expenses, concerning each of the residential rental properties located in Minneapolis, St. Paul, and Anoka, Dakota, Hennepin, Ramsey, or Washington Counties, Minnesota, which were either owned and/or managed in any respect by the above named Harold L. Warner and/or Warner Holding Company, and to permit the aforesaid representative of the Office of Price Administration to copy all or any part of the said documents, and

You Are Further Required to Permit the aforesaid representative to inspect the following:

Issued this 9 day of August, 1946, at Washington, D. C.

Paul A. Porter,
Price Administrator,
Office of Price Administration.

in Fleming v. Rhodes, 67 S.Ct. 1140. The validity of the 1946 Act has been sustained also by the Circuit Courts of Appeal in the following cases: Porter v. Shibe, 10 Cir., 158 F.2d 68; Porter v. Senderowitz, 3 Cir., 158 F.2d 435, 440.

■ Second, the contention that the Inspection Requirement was invalid on its face in that it was false and misleading is based upon the references therein to § 2(b) of the Act. The language referred to reads: "In connection with an investigation to assist the Price Administrator, Office of Price Administration, in the administration and enforcement of the Emergency Price Control Act of 1942, as amended, and especially of the following: a study of the income and expenses of Residential Rental Properties pursuant to Section 2(b) of the Emergency Price Control Act."

This statement is construed by appellees to mean that the request for permission to inspect is bottomed on § 2(b), whereas the power of the Administrator to inspect is derived from §§ 202(a) and 202(b).[2] Such an interpretation of the Inspection Requirement is unwarranted. The quoted statement shows on its face that it refers to the purpose of the investigation and not to the authority of the Administrator. If there were any doubt upon this point its correct meaning is made manifest by the printed explanation immediately following the signature of the Administrator, which reads: "Sections 202(a) and 202(b) of the Emergency Price Control Act of 1942 * * *, as amended, authorized the Price Administrator to make such studies and investigations of price and rent matters as he deems necessary or proper to assist him in prescribing any regulation or order under the Act, or in its administration or enforcement, and to require any person * * * who rents or offers to rent or acts as broker or agent for the rental of any defense or housing accommodations, to permit inspection and copying of records", etc.

We conclude that the charge that the Inspection Requirement is invalid, false and misleading on its face, is without merit.

■ Third. It is true that the granting of relief under the Act rests in the sound discretion of the court. The Hecht Company v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754; Porter v. Granite State Packing Company, 1 Cir., 155 F.2d 786, 787. But that discretion is a judicial discretion, and it does not warrant an arbitrary refusal to enforce an Act of Congress. In reviewing the exercise of judicial discretion the inquiry of an appellate court is limited, of course, to the question whether the action is arbitrary in that the court failed to apply the appropriate equitable and legal principles to the established or conceded facts. Young v. Garrett, 8 Cir., 159 F.2d 634, and cases cited.

■ In this inquiry it is conceded that under the Price Control Act, the word "subpoena" and the phrase "inspection requirement" have virtually the same meaning. Both are formal documents having the same end in view and subject to similar limitations. Porter v. Gantner & Mattern Co., 9 Cir., 156 F.2d 886.

■ The burden of showing that the determination of a federal administrator is unlawful is upon him who is called upon to show cause why an inspection requirement

---

[2] "202(a) The Administrator is authorized to make such studies and investigations, to conduct such hearings, and to obtain such information as he deems necessary or proper to assist him in prescribing any regulation or order under this Act or in the administration and enforcement of this Act and regulations, orders, and price schedules thereunder.

"(b) The Administrator is further authorized, by regulation or order, to require any person who is engaged in the business of dealing with any commodity, or who rents or offers for rent or acts as broker or agent for the rental of any housing accommodations, to furnish any such information under oath or affirmation or otherwise, to make and keep records and other documents, and to make reports, and he may require any such person to permit the inspection and copying of records and other documents, the inspection of inventories, and the inspection of defense-area housing accommodations. The Administrator may administer oaths and affirmations and may, whenever necessary, by subpoena require any such person to appear and testify or to appear and produce documents, or both, at any designated place."

or a subpoena should not be obeyed, unless on the face of the proceedings they are unlawful or the investigation is without just authority. Mississippi Road Supply Co. v. Walling, 5 Cir., 136 F.2d 391. The court must sustain the determination of the Administrator unless it is shown to be arbitrary or is not supported by law or the facts. Benenson Realty Corporation v. Porter, Em.App., 158 F.2d 163, 165, 166. The proceedings of the Administrator must be presumed to be regular and, also, it is to be presumed that he has not undertaken to pursue investigations where the need is not apparent or that he has acted oppressively. Bowles v. Glick Bros. Lumber Co., 9 Cir., 146 F.2d 566, 571. In reversing a district court for denying enforcement of a subpoena duces tecum issued by the Office of Price Administration, the Circuit Court of Appeals for the Ninth Circuit in Bowles v. Abendroth, 151 F.2d 407, 408, said: "We think the courts may not substitute their judgment of the necessity or desirability of an investigation for that of the agency made responsible by Congress for the policing of wartime prices * * * Enforcement may, of course, be declined if the administrative subpoena is vague or unreasonably burdensome, * * * or if the proposed inquiry is not authorized by statute."

To determine whether the denial of enforcement of the Inspection Requirement was arbitrary the reviewing court must inquire whether the Act of Congress under which the Administrator purports to act is constitutional; whether, if so, the Act authorizes an inspection of private books and records; whether the facts sought to be investigated are relevant; and whether the request for inspection is reasonable. Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614, 166 A.L.R. 531; Hagen v. Porter, 9 Cir., 156 F.2d 362, certiorari denied 67 S.Ct. 85; Shotkin v. Nelson, 10 Cir., 146 F.2d 402; Porter v. Gantner & Mattern Co., 9 Cir., 156 F.2d 886.

That the price control acts are constitutional is well settled. Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892; Fleming v. Rhodes, supra. Sec-tions 202(a) and 202(b) of the Act confer broad powers upon the Administrator. He is "authorized to make such studies and investigations, * * * and to obtain such information as he deems necessary or proper to assist him in prescribing any regulation or order under this Act." He is authorized by regulation or order "to require any person * * * who rents or offers for rent * * * any housing accommodations * * * to permit the inspection and copying of records", etc. Under subsection (c) he may for the purpose of obtaining any information require any person to appear and produce documents at any designated place. And if an order is not obeyed application may be made to the district court for an order of enforcement for which purpose jurisdiction is conferred upon the court. Clearly the broad powers conferred upon the Administrator by § 202 (a) and § 202(b) authorize investigations for the purpose of regulating rentals of defense-area housing accommodations, and § 2(b) of the Act requires him to "ascertain and give due consideration to the rents prevailing for such accommodations, or comparable accommodations * * * and he shall make adjustments for such relevant factors as he may determine and deem to be of general applicability in respect of such accommodations, including increases or decreases in property taxes and other costs within such defense-rental area."

The purpose of the investigation and the relevancy of the books sought to be inspected are apparent upon the face of the Inspection Requirement itself. The documents to be inspected are specifically designated and the purpose of the investigation is stated to be "to assist the Price Administrator * * * in the administration and enforcement of the Emergency Price Control Act of 1942, as amended, and especially * * * a study of the income and expenses of Residential Properties pursuant to Section 2(b) of the * * * Act." No facts or situation in the brief or elsewhere in the record are pointed out which in any way indicate that the request for inspection is unreasonable. It requires the presence of unusual and prejudicial circumstances to show that a request of the Administrator to inspect relevant and ma-

terial books is unreasonable. Here none of the facts alleged in the petition and in the affidavit attached were denied in any pleading filed in the court. Appellees relied upon the alleged unconstitutionality of the Act and the discretionary power of the court.

The judgment appealed from is reversed and the case is remanded for further proceedings not inconsistent with this opinion.