**PACIFIC COAST EUROPEAN CONFERENCE and its Member Lines, Petitioners,**

**v.**

**FEDERAL MARITIME COMMISSION and United States of America, Respondents.**

**No. 19241.**

United States Court of Appeals
Ninth Circuit.

April 7, 1966.

Rehearing Denied June 8, 1966.

Leonard G. James, Robert L. Harmon, F. Conger Fawcett, of Graham, James & Rolph, San Francisco, Cal., for petitioners.

Robert L. Wright, Acting Asst. Atty. Gen., Irwin A. Seibel, Atty., Dept. of Justice, Washington, D. C., M. C. Miskovsky, Sol., Walter H. Mayo, III, Atty., Federal Maritime Commission, Washington, D. C., for respondents.

Before POPE, HAMLEY and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

Petitioner seeks review of an order of the Federal Maritime Commission refusing to quash an order issued by it under section 21 of the Shipping Act, 46 U.S.C. § 820. By order dated June 13, 1963, the Commission instituted a formal investigation entitled "Pacific Coast European Conference—Increased Handling Charges." The case was assigned to a hearing examiner and is still pending. On October 1, 1963, the Commission entered the order here in question. Petitioner moved to quash on October 15, 1963; the motion was denied on April 2, 1964.

The pertinent provisions of section 21 are set out in the margin.[1] The order recites that it is issued pursuant to section 21, and orders production of certain documents at the Commission's office in Washington, D. C. not later than October 15, 1963. It also recites:

"The above information is required to enable the Commission to complete its investigation in this proceeding to determine whether Agreement No. 5200 should be disapproved, cancelled or modified under section 15, Shipping Act, 1916, and/or whether any or all of the increased handling charges under investigation result in or involve rates, charges, or practices which may be violative of sections 15 and 18(b) (5) of the Shipping Act, 1916, as amended.

"The data presently available to the Commission relating to these increased handling charges has been found insufficient to the development of a full record upon which to judge the handling charges in light of the applicable statutory requirements as set forth in the Commission's order of investigation. The Commission therefore requires additional relevant information regarding costs incurred in performing the services for which the charges are made; the manner in which these costs are determined, including the methods of allocating labor and other cost factors; the basis for segregating overlapping cargo handling operations; the actual per-

1. "The Federal Maritime Board * * * may require any common carrier by water, or other person subject to this chapter * * * to file with it * * * any periodical or special report, * * * or any memorandum of any facts and transactions appertaining to the business of such carrier * * * subject to this chapter. Such report * * * shall be under oath whenever the Board

* * * so requires, and shall be furnished in the form and within the time prescribed by the Board * * *. Whoever fails to file any report * * * as required by this section shall forfeit to the United States the sum of $100 for each day of such default."
This section also imposes criminal penalties for making wilfully false reports.

formance of the operations for which the handling charges were made; the effects of mechanization; agreements with third persons that may or do effect [sic] the charges under investigation; the discussions, agreements and actions by respondents in regard to the handling charges being investigated; and the effect of these charges upon the movement of cargo in the commerce of the United States."

Petitioner's basic contention is that the Commission cannot use a section 21 order for the purpose of obtaining information to be used in a contested matter pending before it, in which it is asserted that the statute has been violated. Petitioner claims that the sole method whereby the Commission can obtain information for that purpose is provided in section 27 of the Act (46 U.S.C. § 826).[2] The Commission replies that it is entitled to use both methods of obtaining information.

We agree. The Act does not in any way limit the purpose of a section 21 order. Obviously, it can relate only to matters falling within the jurisdiction of the Commission. The pending matter is clearly of that character. The following cases, we think, support the Commission's position: Isbrandtsen-Moller Co. v. United States, 1937, 300 U.S. 139, 144, 57 S.Ct. 407, 81 L.Ed. 562; Montship Lines, Ltd. v. FMB, 1961, 111 U.S.App. D.C. 160, 295 F.2d 147, 153; cf. Far E. Conference v. FMC, 1964, 119 U.S.App. D.C. 110, 337 F.2d 146; Pacific West-

bound Conference v. United States, 9 Cir., 1964, 332 F.2d 49; Kerr S.S. Co. v. United States, 2 Cir., 1960, 284 F.2d 61; see also United States v. American Union Transp., Inc., 1946, 327 U.S. 437, 66 S.Ct. 644, 90 L.Ed. 772.

The Shipping Act is not unique in conferring upon the Commission both the power to require reports from those subject to its jurisdiction and the subpoena power. The Federal Trade Commission Act gives that Commission the power to require reports (§ 6(b), 15 U.S.C. § 46(b)) and the subpoena power (§ 9, 15 U.S.C. § 49). It has been held that the Commission may, in an investigation of alleged violations of section 7 of the Clayton Act (15 U.S.C. § 18), require the corporations under investigation to file section 6(b) reports. United States v. St. Regis Paper Co., 2 Cir., 1960, 285 F.2d 607, 611; see also United States v. Morton Salt Co., 1950, 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401.[3]

There is nothing in Petitioner's other principal contention that the order is prohibited by section 3(a) of the Administrative Procedure Act, 5 U.S.C. § 1002(a). Cf. Far E. Conference v. FMC, supra, 337 F.2d at 151. Nor does the Commission's order "flaunt this Court's still-warm decision in" FMC v. Anglo-Canadian Shipping Co., 1964, 335 F.2d 255. What the Commission there attempted was not authorized by law: what it is doing here is authorized by law.

Affirmed.

2. Section 27 provides in part:
"For the purpose of investigating alleged violations of this chapter, the Federal Maritime Board may by subpoena compel the attendance of witnesses and the production of books, papers, documents, and other evidence from any place in the United States at any designated place of hearing. Subpoenas may be signed by any member of the Board, and oaths or affirmations may be administered, witnesses examined, and evidence received by any member or examiner, or, under the direction of the Board, by any person authorized under the laws of the United

States or of any State, Territory, District, or possession thereof to administer oaths. * * * Obedience to any such subpoena shall, on application by the Board, be enforced as are orders of the Board other than for the payment of money."

3. See also, dealing with "inspection requirements" and subpoenas under the Emergency Price Control Act of 1942, Westside Ford, Inc. v. United States, 9 Cir., 1953, 206 F.2d 627, 629; Porter v. Gantner & Mattern Co., 9 Cir., 1946, 156 F.2d 886, 889.