## SIMPSON et al. v. FLEMING.

### No. 3439.

Circuit Court of Appeals, Tenth Circuit.
April 30, 1947.

Merle M. Marshall, of Alamosa, Colo. (Byron G. Rogers and Frank A. Bruno, both of Denver, Colo., on the brief), for appellants.

Nathan Siegel, of Washington, D. C., (William E. Remy, David London and Albert M. Dreyer, all of Washington, D. C., and Frank E. Hickey, of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal by the defendants below from a final order of the United States District Court for the District of Colorado granting the Price Administrator's application to enforce a subpoena duces tecum issued by the District Director for the Office of Price Administration for the State of Colorado under the provisions of Section 202 of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 922. The subpoena in question is as follows:

"United States of America

"Office of Price Administration

"Subpoena Duces Tecum

"R. E. Simpson and A. J. Turner

"d/b/a Simpson-Turner Motor Company

"Alamosa, Colorado

"At the instance of the Price Administrator, Office of Price Administration, you are hereby required to appear before Frank E. Hickey, District Enforcement Attorney of the Office of Price Administration, at 609 Kittredge Building, 16th and Glenarm Place in the City of Denver, Colorado, on the 20th day of September, 1946, at 10 o'clock A. M. of that day, to testify concerning sales of auto repair services since September 7, 1945.

"And you are hereby required to bring with you and produce at said time and place the following documents:

"1. Sales slips and receipts covering the sale of automobile repair services since September 7, 1945.

"2. The flat rate manual or labor schedule you use.

"3. A copy of the statement you filed with your Local Price Control Board showing your prices, rates, and pricing methods supplied or offered for supply during March, 1942.

"Fail not at your peril.

"In Witness Whereof, the undersigned, Price Administrator of the Office of Price

Administration, has hereunto set his hand at this 10th day of September, 1946.

"Paul A. Porter, Price Administrator.

"By J. R. Sledge, Colorado District Director."

■ The first attack on the validity of the subpoena is that it was issued by the District Administrator and that the Administrator is without authority under the provisions of the Act to delegate his power of subpoena. This question was before us in Smith v. Fleming, 10 Cir., 158 F.2d 791, and was resolved by us against the contention advanced by appellant here. We are asked, however, to reconsider our decision in that case, abandon the decisions cited in support of our decision, and give our adherence to the decision by the Sixth Circuit in Porter v. Mohawk Wrecking & Lumber Company, 156 F.2d 891. It is sufficient to say that we see no reason for abandoning the conclusion we reached in the Smith case.

■ It is next urged that the subpoena was void because it required appellants to appear before Frank E. Hickey, District Enforcement Attorney, at 609 Kittredge Building in Denver, Colorado, for the purpose of examination. The argument in support of this contention is that the enforcement attorney was an improper person to conduct the examination. Appellant's position seems to be that the Administrator alone was empowered by the Act to conduct the hearing and that he was without power to delegate this duty. It is pointed out that Section 202(a) provides that: "The Administrator is authorized to * * * conduct such hearings, * * *" and that Section 202(b) authorizes the Administrator to administer oaths. From this, the argument is made that since these provisions mention him alone, they are personal to him and the mandate is laid upon him to do these things, and that he may not delegate these responsibilities. This argument merits no serious considera-

tion. Such a construction would destroy the very purpose of the Act and make impossible its enforcement. It is painfully obvious that the administrator himself could conduct no more than a small fractional part of one per cent of the innumerable investigations which obviously were necessary to carry out the broad purposes of the Act. It may be of some significance that not a single case is cited in which this point has even been urged, let alone decided.

There are, however, provisions in the Act which clearly indicate that the power is present to delegate the power to carry on investigations. Thus, Section 201(a) empowers the Administrator to "appoint such employees as he deems necessary in order to carry out his functions and duties under this Act." Section 201(b) provides that while the principal office of the Administrator shall be in the District of Columbia, he "or any duly authorized representative may exercise any or all of his powers in any place." Section 201(d) provides that "The Administrator may, from time to time, issue such regulations and orders as he may deem necessary or proper in order to carry out the purposes and provisions of this Act." These and many other provisions clearly indicate that it was contemplated that the Administrator would require the assistance of a large number of examiners, investigators and attorneys in the enforcement of the Act. Without such powers, the attempt to enforce the Act would be foredoomed to failure.[1]

■ In their assignments of error, appellants urge that the subpoena was void because too vague and indefinite to be complied with. No argument is made in the brief on this point, and it apparently has been abandoned. In any event, there is no merit in the contention advanced therein.

We find no error in the record and the order and judgment appealed from are accordingly affirmed.

[1] In Southern Garment Mfrs. Ass'n v Fleming, 74 App.D.C. 228, 122 F.2d 622, at page 625, Judge Vinson, now Chief Justice said: "The precise question is whether the Administrator can appoint a subordinate to act as the presiding officer at a hearing; is that a function which a subordinate can perform? Sensible administration would seem to call for such a practice. The practice has been approved by the Supreme Court."